### SHELMIRE v. THOMPSON and Others.

*A., B.,* and *C.* executed a note to *D.* for the payment of money. The name of *C.* was afterwards erased without the knowledge of the other obligors, and a judgment obtained against *A.* and *B.* A bill was filed by *A.* and *B.* in order to have the judgment enjoined, averring their ignorance of the erasure at the time of the trial at law. *Held,* that the erasure was a defence purely legal, and that the complainants' ignorance of the erasure as averred, was no ground for the interposition of a Court of chancery.

*Wednesday,
May 27.*

APPEAL from the *Martin* Circuit Court.

HOLMAN, J.---*Thompson, Allen,* and *Conner,* filed a bill in chancery in the *Martin* Circuit Court, praying relief by injunction against a judgment at law, obtained against them and others by *E. Shelmire.* The bill states that on the 30th of *January,* 1821, *F. Sholts* was indebted to *E. Shelmire,* who is made defendant to the bill, in the sum of 704 dollars and 41 cents, for which sum *Sholts* and the complainants, together with *J. Johnson* and divers others, executed their joint and several note under seal; on which note suit was afterwards instituted, and a judgment obtained against all the obligors, except *Johnson* and one who had died; and that although it appears by the record, that *D. Hart,* Esq. appeared in behalf of the defendants in said suit, yet they never did employ him or any other person to appear for them. The complainants also state, that they would not have executed said note, as the sureties of *Sholts,* had not all the other sureties, including *Johnson,* joined in its execution, and that *Johnson* did sign and seal said note; but that the name of *Johnson* was afterwards designedly erased, without their knowledge or consent, by some person to them unknown, whereby the note became null and void, and not their note, as they are advised and believe; that, at the time of the trial at law, they did not know that the signature and seal of *Johnson* had been erased, nor that he was not a co-defendant with them; and that if they had known that fact, they would

have defended the action at law. They require the defendant's answer, particularly as to the erasure, and the person by whom it was done; and they pray an injunction, which was granted. The defendant in answer, denies all knowledge of when, how, by whom, or for what purpose the erasure was made, and claims all legal advantages. C. R. Brown, one of the obligors against whom the judgment was given, and who the defendant contends is an incompetent witness, deposes, that the defendant put this note into his hands, among others, to be put in suit; that, after looking at the note, he informed her that *Johnson* was sheriff, and another of the obligors coroner, so that there was no person to serve process; that she remarked that *Johnson* was good for nothing, and she would scratch his name off; but he advised her not to do so without the knowledge and consent of all the obligors, and left the note with her; that, in the evening of the same day, the note came to him from the defendant, with directions to commence suit on it immediately; and at that time the name of *Johnson* had been obliterated by drawing a pen over it. From the record in the suit at law, it appears that *D. Hart* appeared as counsel for the defendants, and had oyer of the note. The Circuit Court decreed a perpetual injunction of the judgment at law, as to the complainants; but the decree was not in any manner to affect the other judgment-defendants. The defendant appealed to this Court.

We see no principle in equity by which this decree can be supported. The case presents no ground of relief. Admitting all the complainants have stated in their own favour, taken in the strongest point of view, they have not made out a case in which a Court of chancery can interpose. If their character as sureties would, under the circumstances of the case, entitle them to any particular indulgence; and if they did not employ counsel to defend the suit at law, and are not bound by the acts of their co-defendants, who perhaps employed counsel in their behalf; and if, as they insinuate by their witness, the erasure was made by the appellant, or with her knowledge and consent; still their claim to relief in equity is unfounded. Their right to bar a recovery on this note on account of the erasure of *Johnson's* signature is purely legal; and, except as to *Johnson's* proportion of the amount of the note, it exists in law without a shadow of equity. But even if this judgment were con-

May Term,
1829.

SHELMIRE
v.
THOMPSON.

trary to equity, the reasons assigned for not defending at law, are wholly insufficient to authorise the relief required. A Court of chancery will not relieve against a judgment contrary to equity, unless the defendant in the judgment was ignorant of the fact in question pending the suit at law, or it could not have been received as a defence, or unless he was prevented from availing himself of the defence by fraud, or accident, or the act of the opposite party, unmixed with negligence or fault on his part. The cases which support this principle are numerous. We will only mention *Cowan* v. *Price*, 1 Bibb, 173.— *Lansing* v. *Eddy*, 1 Johns. Ch. R. 49.—*Duncan* v. *Lyon*, 3 Johns. Ch. R. 351.—*Foster* v. *Wood*, 6 Johns. Ch. R. 87. In this case nothing is alleged, as a reason for not defending at law, but ignorance of the erasure. There is nothing to excuse this ignorance. It was occasioned by negligence alone. And we know of no principle or precedent that authorises relief. The decree must be reversed and the bill dismissed.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, with directions to the Circuit Court to dismiss the bill, &c.

*Law* and *Kinney*, for the appellant.
*Judah* and *Dewey*, for the appellees.