GULLETT
v.
HOUSH.

---

### GULLETT and Others *v.* HOUSH.

A bill of review containing no equity on its face, must, on final hearing, be dismissed.

A bill of review can be brought only in two cases; one, for error in the record, the other, on account of new matter discovered since the decree, or, at least, since the publication of the testimony.

A defendant to a bill in equity, having negligently suffered a decree to go against him by default, cannot allege his own negligence in support of a bill of review.

If a defendant in equity knew of certain facts necessary to his defence, before the rendition of a decree against him, he cannot support a bill of review by alleging that he has, since the decree, discovered certain evidence of those facts, without showing that he could not prove them by other testimony.

The statute of limitations may be relied on in bar of a bill of review.

*Saturday,
January 20,
1844.*

ERROR to the *Jackson* Probate Court.

DEWEY, J.—This was a bill of review brought, on leave, by *Housh* against *Gullett's* heirs, in the Probate Court of *Jackson* county, at the *August* term, 1839. The bill sets forth that *Gullett's* heirs, by *Judy* their guardian, in *January,* 1831, filed their bill (reciting it) in that Court against *Housh* as the administrator of their father's estate, the object of which was to recover their distributive shares thereof. The bill of review also states, that the parties to the original bill appeared in Court from term to term until that of *March,* 1832, when the defendant had leave to file his answer ten

days before the next ensuing term of *August*, at which term the parties again appeared and the cause was continued. At the *November* term, *Housh* having failed to put in his answer previously thereto, the Court decreed, that he should pay to *Gullett's* heirs 165 dollars and 45 cents, and costs. The reasons assigned for a review and reversal of the decree are, first, that *Housh* was not in Court when the order for his answer was made, that he did not rightly understand it, but supposed it extended to the *August* term, which was the reason why he did not put in his answer in season; and, secondly, that previously to the decree he had made several payments in the due course of administration; and, particularly, that he had paid to *Judy*, the guardian of *Gullett's* heirs, 50 dollars, and had taken his receipt therefor, which was lost; that he had received no credit for that sum; and that, after the decree, *Judy* had acknowledged the payment, which acknowledgment he could prove; and, also, that one *Carter* owed *Gullett's* estate 79 dollars, which, by the direction of *Housh*, he had, before the decree, paid to *Judy* as guardian; that since the decree, he had ascertained this payment could be proved by a certain witness, and by the subsequent admission of *Judy;* and that no credit had been allowed therefor. The prayer of the bill was for a temporary stay of proceedings upon the original decree, and for a review and reversal of it. The stay was granted. *Gullett's* heirs by their guardian, *Judy*, put in their answer to the bill of review, in which they claimed the benefit of the statute of limitations; *Housh* replied; and the Court, on final hearing, decreed a perpetual injunction against the original decree, and that *Judy* should pay to *Housh* a certain sum.

This decree cannot be sustained. The bill of review shows on its face no equity; and this is a good cause for dismissing it, which may be urged on final hearing.

Bills of review can be sustained only in two cases. One is where there is error of law apparent upon the face of the record; and the other, where new matter has been discovered since the decree, or, at least, after the publication of the testimony. Story's Eq. Pl. pp. 322, 328.

The bill before us does not present either of these cases.

The first cause assigned for a review and reversal of the

decree, namely, that *Housh* did not put in his answer to the original bill in proper time, because he misapprehended the terms of the order of the Court requiring him to answer in a given period, is no more than an allegation of his own negligence, and does not entitle him to relief in any form. Even had the order been as he states he supposed it to be, that he should answer at *August* term, instead of ten days before it, he would still have been in fault, for he made no attempt to answer at that term.

The other cause on which he rests his claim to a review and reversal of the decree, is not, in truth, an allegation of the discovery of new and material facts after its rendition. It shows that the payments, the benefit of which he claims, were made by himself and by his direction before the decree. He must, of course, have been aware of their existence, and might have urged them had he made defence against the original bill. The bill of review does, indeed, state that *Housh* ascertained, after the decree, that he could prove one of the payments by a certain witness, and two of them by the subsequent admissions of the guardian of the original complainants. But to bring himself, on account of these matters, (allowing such admissions to be competent evidence, with regard to which we express no opinion,) within the principle of relief on the ground of newly discovered facts, he should have shown that he could not have proved the payments by any other testimony. This would have been the case had he been guilty of no laches in the original suit. Having negligently failed to defend himself in that suit, there is no pretence for claiming relief by a bill of review on account of the discovery of the testimony above stated.

There may be error apparent in the original record, but none is specified, as it should be, if relied on in a bill of review. But had such error been assigned, it could not have availed the complainant in review. His bill was filed more than five years after the rendition of the decree sought to be reversed, and the defendants have claimed the benefit of the statute of limitations. That statute is a bar to a bill of review. *Jenkins* v. *Prewitt et al.* 5 Blackf. 7.

*Per Curiam.* — The decree is reversed with costs. Cause remanded, &c.

*A. C. Griffith*, for the plaintiffs.

*H. P. Thornton*, for the defendant.