May Term,
1851.

SKINNER
v.
DEMING.

SKINNER and Others *v.* DEMING and Others.

If a bank be organized under an unconstitutional law, the notes issued by it will be void, and will constitute no consideration for a promissory note.

If a bank be illegal on the ground that it was not chartered by the requisite constitutional vote, the journals of the legislature chartering the same will be legitimate evidence to show the fact.

A Court of chancery will not relieve against a judgment contrary to equity where a defence existed which might have been set up at law, unless the failure to so set it up was unmixed with fault or negligence on the part of the defendant to such judgment.

*Friday,*
*May 30.*

APPEAL from the *St. Joseph* Circuit Court.

PERKINS, J.—Bill in chancery in the *St. Joseph* Circuit Court, by *Deming* and *Wilson* against *Skinner, Day,* and *Sherman.* The bill alleges that by section 2, of article 12, of the constitution of *Michigan,* it is provided that " The legislature shall pass no act of incorporation unless with the assent of two-thirds of each house;" that in *March,* 1837, the legislature of that state did pass a general banking law without the assent of two-thirds of each house; and that in *December* of the same year, said legislature likewise passed an amendment to said general banking law without the assent of two-thirds, &c.; that in 1838, under these legislative enactments, and no other, a corporate association was organized called the "*Huron River Bank;*" that on the 14th of *September,* 1838, *John N.* and *Monroe C. Sherman,* borrowed, of said pretended *Huron River Bank,* bills issued by said institution of the nominal value of 500 dollars, and executed their joint

and several notes for the same, at ninety days, and that plaintiff, *John J. Deming*, executed said note as surety; that, afterwards, on the 10th of *October*, 1840, *George N. Skinner*, of *Michigan*, a defendant, as receiver of said pretended bank, recovered a judgment in the *St. Joseph* Circuit Court, *Indiana*, for over 300 dollars, balance on said note, against plaintiff, *Deming*, and that plaintiff, *Wilson*, became replevin-bail upon the same; that said pretended *Huron River Bank* was an illegal institution, without any authority whatever to issue bills, and that those borrowed, for which said note was given, were utterly worthless and void, and said note, consequently, without consideration; that up to, and at the time of, the rendition of said judgment and the entry of said bail, the plaintiffs were entirely ignorant of the illegal, unconstitutional passage of the general banking law, and had not even a suspicion of the fact, or of the illegal organization, in any particular, of said pretended bank; that an execution has issued on the judgment, &c. They pray an injunction, a full answer, and general relief.

*Skinner* answered, admitting the constitutional provision and the general banking law and amendment thereto, of *Michigan*, but as to whether said law and amendment passed by less than a two-thirds vote he says he "does not know and cannot state;" says the *Huron River Bank* was organized under the original act, before the amendment thereto came into force, and that, in its organization, the provisions of the original act were complied with; does not know whether the act was void or not; admits the note to the bank as stated in the bill, but does not know for what bank bills it was given, as he has no information on the point except what is derived from the bill of complaint; does not know whether *Deming* is surety; admits the recovery of the judgment, says it was confessed; admits the entry of bail; knows nothing about the want or failure of consideration of the note, but believes the consideration was good; admits the execution; he believes the *Shermans* have indemnified *Wilson* for the payment of the judgment, and that a forbear-

ance has been granted to him on his promise to pay. He makes his answer a cross-bill as to these last allegations and calls for an answer.

This answer of *Skinner*, so far as it was made a cross-bill, was demurred to, and the demurrer sustained. So far as it was responsive to the bill, it was excepted to for insufficiency; the exceptions were allowed, and, on the defendant's refusal to answer further, the bill, so far as it was not sufficiently answered, was taken for confessed; and, on the final submission of the cause, a perpetual injunction was granted, restraining the collection of said judgment. Appeal to this Court.

If the law of *Michigan* under which the *Huron River Bank* was organized was unconstitutional, the bank was an illegal institution; and if it was an illegal institution, the notes issued by it were void, and could constitute no consideration for a promissory note. See *Green* v. *Graves*, 1 Doug. Mich. Rep. 351.—*Hurlbut* v. *Britton*, 2 id. 191.—*Nesmith* v. *Sheldon*, 7 How. U. S. R. 812.—*Levitt* v. *Blatchford*, N. Y. Court of Appeals, reported in 1 vol. U. S. Law Mag., 116. The defendants to this bill had a right to set up the fact that the bank was not chartered by the requisite vote, and show it, if necessary, by the journals of the *Michigan* legislature. *Purdy* v. *The People*, 4 Hill, N. Y. 384. The defendant below, therefore, if he answered at all as to the creation and organization of the bank and the consideration of the note in question, should have answered fully to the best of his knowledge, information, and belief. It would seem, according to *Smith* v. *Lasher*, 5 John. Ch. R. 247, that, as to the constitutionality of the banking law, he did not in this case answer with sufficient explicitness. This brings us to the point where we may well consider whether the bill makes a case wherein the defendant below was bound to answer at all, and in which the Court could grant the relief prayed. It is very manifest that this is an instance in which the judgment at law imposes no hardship upon the defendants to it. The paper borrowed of the *Huron River Bank* served the purpose of those who

obtained it; the security who replevied the judgment was
willing to assume that extent of responsibility, and no
decision that we can make can enlarge it; while the re-
ceiver of the bank, undoubtedly, is attempting to collect
together its shattered remains for the benefit, in some
way, of the creditors of the concern. That the borrow-
ers succeeded in using the paper of the bank is evident
from the fact that more than two years afterwards they
confessed judgment without objection on the note given
for it. From all this it results that this is not a case in
which a Court should break or bend a rule of law to re-
lieve from said judgment.

A Court of chancery will not relieve against a judg-
ment contrary to equity, where a defence existed which
might have been set up at law, unless the failure to so
set it up was unmixed with fault or negligence on the
part of the defendant to such judgment. *Shelmire* v.
*Thompson*, 2 Blackf. 270. In this case the defence exist-
ed and might have been set up at law. Why was it not?
The plaintiffs in the bill say they were then ignorant of
it. Ignorance, of itself, constitutes no excuse. No dili-
gence had been used to remove the ignorance; and had
there been, it might have been removed. See *Shelmire* v.
*Thompson*, *supra*. Besides, when the *Shermans* went into
*Michigan* to deal with her banks or citizens, they were
bound to take notice of the constitution and laws of that
state. They then knew, therefore, that the constitution
of *Michigan* prohibited the creation of any bank other-
wise than by a vote of a certain proportion of the mem-
bers of the legislature, and, as prudent men, they should
have then looked into the fact, and were bound so to do.
But, if not then, still more than two years elapsed after
the creation of the bank and the borrowing of her bills,
before the suit at law was prosecuted, in which time this
matter might have been looked into. This, we think, is
inexcusable negligence. The judgment being valid
against the principals, cannot, in this case, be avoided by
the replevin-bail thereto.

We think this bill makes no case for relief.

May Term,
1851.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. A. Liston*, for the appellants.

*J. L. Jernegan*, for the appellees.