Nov. Term,
1858.

SIMPKINS
v.
WILSON.

</div>

---

SIMPKINS *v.* WILSON, Administrator.

An action brought under the statute of 1852, to review a judgment on account of newly discovered evidence, cannot be sustained where the party asking such review might, by reasonable diligence, have discovered such evidence before the former trial; nor where such newly discovered evidence, if submitted to a jury, would not clearly entitle the party adducing it to a different verdict from that then found.

APPEAL from the *Henry* Court of Common Pleas.

HANNA, J.—This was a proceeding under art. 28, 2 R. S., to review a judgment.

<div align="right">

*Wednesday,*
*January 19,*
1859.

</div>

The judgment was rendered at the *October* term, 1853, and the complaint, praying a review thereof, was filed on the 19th day of *September*, 1855.

The statute permits such complaint to be filed within three years, for any error of law, &c., or for "material new matter discovered since the rendition" &c.  2 R. S. p. 165.

This complaint alleges the latter reason for a review, and it is required, should show "that the new matter could not have been discovered before judgment, by reasonable diligence." *Id.* 166.

The complaint shows that the cause of action upon which the original suit was based was—one note for 350 dollars, borrowed money, dated the 29th of *January*, 1852; 250 dollars, money had and received; and 50 dollars for cattle and wood delivered to, and labor done for defendant. The defendant then answered, denying, setting up pay-

ment, and an off-set, &c. The plaintiff in that action had judgment on the verdict of a jury for 439 dollars.

It is now alleged that the deceased was poor and had no means of consequence, other than as derived from the sale of lands to one *Davis*, to-wit, 600 dollars; that the defendant in the original suit proved about 300 dollars of his offset; and that the jury must have allowed the whole of the plaintiff's claim, to support 250 dollars of which but slight evidence was given on the trial. It is then averred that the complainant can show that the deceased, after he sold his land, paid about 100 dollars of debts, and bought 50 dollars worth of necessaries; that his labor was not more than sufficient to support him; that in the latter part of 1851 or first part of 1852, he had money derived from his land sale; that he was assessed in 1851 with money 200 dollars, debts due 250 dollars, property 20 dollars, &c.; that the evidence to support these facts had been but recently discovered, although due diligence was used before the trial.

The complaint was demurred to, and the demurrer sustained, which ruling is now assigned as erroneous.

Although the statute permits an application for a review to be made within three years, yet we think that a case very clearly demanding relief should be made, in the complaint, where the application, based upon newly discovered testimony, is made at such a length of time after a jury has passed upon the evidence adduced.

In this case there is an averment of diligence; but it is manifest that the evidence as to the assessments for 1851 and 1852, could have been procured, as they existed in a public office accessible to every citizen. As to the fact that he had money derived from his land sale in 1851 or 1852—this could only have been offered to support the assumption that he had no other money except as derived from his land, and, therefore, the money loaned in *January*, 1852, must have been derived from that sale. If it was true that *Davis* had paid him a part, or all, for his lands previous to that loan to *Simpkins*, he, *Davis*, would have been a competent witness to have proved that fact. No

reason is given why he was not called as a witness on the trial.

*Nov. Term, 1858.*

This leaves the single averment to be disposed of, that he can prove that certain debts were paid, &c. This may be true, and yet we are not prepared to say, from looking at the case made on paper, that the jury, with that proof before them, should have found differently from what they did find.

THE NEW
ALBANY, &c.,
RAILRO'D CO.
v.
McNAMARA.

The demurrer was correctly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Grose* and *J. H. Mellett*, for the appellant.

*E. Johnson*, for the appellee.

