May Term,
1859.

THE STATE
BANK
v.
CAMPBELL.

THE STATE BANK v. CAMPBELL and Others.

Bill in chancery to correct a mistake in a judgment. The facts were these:—A plaintiff was in Court prosecuting a suit upon a promissory note, upon which there was apparently due over 400 dollars. The defendant appeared by attorney authorized by a power to confess judgment for the sum he might find due. He entered his cognovit for 223 dollars, and judgment was taken for that amount by the plaintiff. The suit was not prosecuted for any balance, nor was it shown that there was any understanding or agreement that it should at any future time be prosecuted. There was no pretense of fraud. Six years were suffered to elapse after the discovery of the mistake, before suit was brought. *Held,* that the plaintiff neglected his rights, if he had any, and ought not now to be permitted to contradict that the amount for which the cognovit was executed was the amount due.

Tuesday,
May 24.

APPEAL from the *Shelby* Circuit Court.

HANNA, J.—In *August*, 1840, a judgment was, by confession on a cognovit, rendered in a suit then pending in the *Shelby* Circuit Court in favor of the appellant, and against the defendants, for 223 dollars, on a note then ten months past due, for 400 dollars. A copy of the note, without any credits having been indorsed thereon, was embodied in a warrant of attorney, which was executed by said defendants, and contained, among others, a clause that the attorney of said defendants was authorized to "confess said action for such sum as may appear to our said attorney to be due at such time of confessing judgment."

The cognovit was indorsed in writing upon the back of said warrant of attorney, and after properly entitling the case is as follows: "And the said defendants, by *William Quarles*, their attorney, come and defend, &c., and waive the issuing and service of process herein, and say that they cannot gainsay or deny the plaintiff's action herein, and that the plaintiff has sustained damage by reason of the non-performance of the premises in the declaration mentioned, in the sum of two hundred and twenty-three dollars, for which said sum they here now freely confess judgment. *W. Quarles*, for defendants."

In *August*, 1848, this suit was instituted by bill in chancery, averring the above facts and others, to-wit, that be-

fore the entry of said judgment, no payment had been made upon said note; that there was a mistake in the confession and rendition of said judgment, in the amount thereof, which was not discovered by said plaintiff, &c., until long afterwards, to-wit, about two years; that said defendants had been requested to correct the same, and had refused, and praying that the same might be corrected, or a decree rendered for the balance alleged to be due on said note, &c.

May Term, 1859.

THE STATE BANK v. CAMPBELL.

The defendants, in their answers which were, in pursuance of the prayer in said bill, without verification under oath, admitted the execution of the cognovit, and the rendition of judgment, but denied that there was any mistake in the amount, and averred that the same was rendered for the full amount then due the bank upon said note.

In *April*, 1853, the cause was set down for a hearing upon the bill, answers, replications, and depositions, and a decree rendered in favor of said defendants, ordering said bill to be dismissed, and for costs, &c.

The Court found "that there is no mistake in the rendition of the judgment; that a Court of chancery has no power to exert any authority over a Court of law, or to rectify its records; and that the judgment of a competent Court is final and conclusive until reversed, and cannot be relitigated in another Court; that the subject-matter of that suit was the note described in the bill of complaint; and that if judgment was not awarded in said Court for all that said complainant was entitled to, she should have appealed; that the subject-matter is cognizable in a Court of law."

There are two errors assigned—

1. It was error to find that there was no mistake in the confession and rendition of judgment.

2. The Circuit Court decreed that if there was such mistake, a Court of chancery could grant no relief.

The consideration of the first, would involve an investigation of the evidence, and the second, the equity of the case.

In determining as to whether the final action of the

Court was correct or not, it is not necessary that we should decide as to the propriety of all the branches of the finding upon which that action was based.

We will first consider the second error assigned.

It will be recollected that the bill alleges that there was a suit pending upon said note at the time of the execution of said warrant and cognovit, and the entry of judgment thereon.

In Tidd's Practice it is stated, in treating of cognovits, confessions, &c., that "the confession is either of the whole or part of the cause of action. If it be of the whole, and not upon terms, the plaintiff's attorney may immediately sign final judgment, and take out execution thereon; but if it be not of the whole, he can only sign judgment for the part confessed, and the action must proceed for the residue." Vol. i., p. 504.

We are not aware that at that date we had any statute regulating an offer to confess a part of a demand, as we now have; therefore, this proceeding must be governed by the common-law practice then in force, so far as applicable.

The facts, then, shown by the pleadings either directly or incidentally, are, that the plaintiff was in Court prosecuting a suit on a note, upon which there was apparently due over 400 dollars. The defendants appeared to that action by their attorney, who was authorized, by the written power he held in his hand, to confess a judgment for the sum he should find to be due. He entered his cognovit upon the back of the warrant for 223 dollars. The judgment was taken for that amount by the plaintiff. The action was not prosecuted for the balance that is now said to be due. Nor is it averred that there was any understanding or agreement that it should be at any future time. Do not these facts raise a presumption that the plaintiff ought not now to be permitted to contradict that the amount for which the cognovit was executed was at least acquiesced in by the plaintiff, as the true amount due? See *The State Bank* v. *Young*, 2 Ind. R. 171.

If the answer to this question is in the affirmative, that

would end the case; but if it is to the reverse, and these May Term, facts do not constitute an estoppel, still another question **1859.** will arise upon the point of diligence or negligence of the THE STATE BANK plaintiff. v.

Several cases might be referred to, in which persons CAMPBELL. against whom judgments were rendered have sought relief in a Court of equity.

In *The Marine, &c.,* v. *Hodgson,* 7 Cranch, 332, it is said by the Supreme Court of the *United States,* that "it may safely be said that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a Court of law; or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a Court of chancery." See, also, *Creath* v. *Sims,* 5 How. 192; *Walker* v. *Robbins,* 14 *id.* 584; *Hendrickson* v. *Hinckley,* 17 *id.* 443.

In our own Reports, it is said that "where a party is not prevented by fraud or accident, without any fault on his part, from defending himself at law, and neglects to do so, equity will not relieve." *Parker* v. *Morton,* 5 Blackf. 1.— *Raburn* v. *Shortridge,* 2 *id.* 480.— *Skinner* v. *Deming,* 2 Ind. R. 561.— *Shilmire* v. *Thompson,* 2 Blackf. 271.—*Jarboe* v. *Kepler,* 4 Ind. R. 177.

We know of no principle of equity by which a plaintiff should be regarded as standing in Court with more rights than a defendant.

If ignorance of facts consequent upon negligence, whereby the rights of a defendant have greatly suffered, will not, when presented to a Court of equity, justify an interference to grant relief to such defendant, (2 Blackf. 272,) we are not advised of any rule of equity which, under like circumstances, would justify the same Court in granting relief to a plaintiff.

There is no pretense in the pleadings that there was anything either done or said upon the part of the defendants, in the confession of the judgment, which operated as a fraud, or even as a surprise upon the plaintiff.

Admitting the allegations in reference to the amount due—the amount for which judgment was taken, and the circumstances under which it was taken—to be all true, and they show only a clear case of negligence upon the part of the plaintiff. Upon this branch of the case, the plaintiff might, with more show of equity, have asked to be relieved from the fruits of this neglect, if the aid of the Court had been sought as soon as the alleged mistake was discovered; but it is shown by the bill that some six years were suffered to elapse before suit brought, after the mistake was discovered, even if ignorance of the contents of the judgment could be set up, which we are strongly inclined to doubt.

The want of equity in the bill was a sufficient reason for its dismissal, and dispenses with the necessity of examining the first error assigned. *Parker* v. *Morton*, 5 Blackf. 3.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*H. C. Newcomb* and *S. Yandes*, for the bank (1).

*T. A. Hendricks,* for the appellees (2).

(1) Counsel for the appellant cited Bouv. Law Dict., tit. Clerical Error; Story's Eq. Juris., §§ 167 to 176.

(2) Mr. *Hendricks, contra,* cited Story's Eq. Juris., §§ 152, 157, and note 5 ; *Mahan* v. *Reeve*, 6 Blackf. 215 ; *Cooper* v. *Butterfield*, 4 Ind. R. 423, and authorities there cited.