## BRYANT *v.* HOSKINS ET AL.

REVIEW OF JUDGMENT.—*New Matter.—Pleading.—Diligence.*—A complaint by A. against B. in the circuit court, to review a judgment rendered by the abolished common pleas of the same county, alleged, that A. was duly served with summons to answer B. in a suit on a promissory note alleged to have been made to the latter by the former for a certain sum; that A. did not appear to said suit, because theretofore he had executed a note to B. for a certain greater sum, which was the only note ever executed by A. to B.; and that he never signed the note so sued on or authorized any one to sign it for him, but that it was a forgery, which he did not discover until November, judgment thereon having been rendered against him by default in the previous May, in said court of common pleas, etc.

*Held,* that the complaint was insufficient.

From the Shelby Circuit Court.

*K. M. Hord, A. Blair, D. B. Wilson, E. K. Adams* and *W. Bigler,* for appellant.

*B. F. Love* and —— *Conner,* for appellees.

BIDDLE, J.—Suit to review a judgment upon the alleged discovery of material new matter. The substance of the complaint is as follows:

That the appellant was duly served with summons, on the 4th of February, 1873, to answer the appellee Joseph Hoskins, in a suit founded on a promissory note alleged to have been made to him by the appellant, John Barrett and James T. Frazier, for the amount of one hundred and sixty-eight dollars, brought in the Court of Common Pleas for Shelby county; that he did not appear to said action, "because, in the year 1872, he did, in connection with John Barrett and James T. Frazier, execute a note payable to Joseph Hoskins in the sum of one hundred and seventy dollars, which was the only note ever executed by said plaintiff in connection with John Barrett and James T. Frazier to said Joseph Hoskins; and that he never signed the said note in said suit, or authorized any one to sign the same for him, but that the same is a forgery, which he has not discovered until the 27th day of November, 1873;" that on the 26th day of May, 1873, judgment was rendered against him by default in said court of common pleas; that execution has been issued on said judgment, and delivered to the Sheriff of Shelby county, for execution; that the sheriff has levied it upon certain real estate belonging to the appellant, describing it, and that he will sell the same to satisfy said judgment, unless he is restrained. Prayer for a restraining order, that the judgment be set aside and the appellant allowed to make his defence to the original action.

A demurrer to the complaint, alleging the insufficiency of the facts therein stated to entitle the appellant to relief, was sustained. The appellant stood by his complaint, and excepted. Judgment was rendered for the appellees, and the appellant appealed.

The complaint is insufficient. It shows no fraud against the appellee Hoskins, and no reasonable diligence on the part of the appellant in defending his rights, but carries gross negligence upon its face. The facts charged do not entitle the appellant to relief. *Shelmire* v. *Thompson,* 2 Blackf. 270; *Gullett* v. *Housh,* 7 Blackf. 52; *Skinner* v. *Deming,* 2 Ind. 558; *Simpkins* v. *Wilson,* 11 Ind. 541. A.

complaint for a review of a judgment on account of material new matter, discovered since the trial, must show that the plaintiff used reasonable diligence to discover it, and that he could not by the use of such diligence have discovered such new matter before the former trial. *Bartholomew* v. *Loy,* 44 Ind. 393; *Comer* v. *Himes,* 49 Ind. 482.

In the case before us, the alleged new matter was open to be seen on the face of the complaint and the copy of the note filed with it in the court of common pleas. The appellant had due notice of the suit, and the lowest degree of diligence would have enabled him to discover it and defend himself against the alleged wrong. If he has suffered by his own negligence, the law cannot afford him relief. A rule that would relieve from such negligence would render human rights extremely insecure.

The judgment is affirmed, with costs.