## BARNES v. DEWEY ET AL.

REVIEW OF JUDGMENT.—*Material New Matter.*—*Pleading.*—In an action to review a judgment on the ground of material new matter, alleged to have been discovered since the rendition of such judgment, the complaint must show, by the facts therein alleged themselves, and not by a mere averment, that such new matter could not have been discovered by due diligence before such judgment was rendered, and that the complaint was filed without delay, after the discovery thereof.

SAME.—*Newly-Discovered Evidence.*—Newly-discovered evidence of a material allegation of the complaint in the original action is not material new matter for which a judgment may be reviewed.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts*, for appellant.

HOWK, J —The appellant, as plaintiff, commenced this

action against the appellees, as defendants, in the court below, on the 21st day of August, 1875. Afterward, at the November term, 1875, the appellant filed an amended complaint in this suit, in and by which amended complaint the appellant sought to obtain a review, by the court below, of a former judgment of said court, " for material new matter discovered since the rendition thereof."

The case at bar was decided against the appellant, by the court below, upon the ground that her amended complaint did not state facts sufficient to constitute a cause of action ; and the only question presented for our consideration, by the record of this cause and the assignment of errors thereon, is, also, the sufficiency of the facts stated to constitute a cause of action. We will, therefore, summarize the facts stated in said complaint.

The appellant alleged, in substance, that, on the 17th day of February, 1872, she, in her then name of Rosanna Sedenburg, filed her complaint against the appellees, as defendants, in the court below, setting out a copy of said complaint, in which she alleged substantially the following facts :

That, on May 6th, 1869, she was a married woman and wife of William Sedenburg, then living but since deceased, and was then the owner in her own right, in fee simple, of the undivided one-eighth part of eighty acres of land, particularly described, in Hamilton county, Indiana; that the appellee Catharine Dewey was the widow, and the other appellees were the children and heirs, of Amin W. Dewey, who, on the day last named, was living, but has since died ; that, on said May 6th, 1869, the appellant was a person of unsound mind, and had not sufficient capacity to understand the nature of a contract and its effect ; that said Amin W. Dewey, well knowing said fact, entered into an agreement with her husband, William Sedenburg, for the sale and conveyance to him, said Dewey, of her said real estate, for the sum, as she had since learned, of three hundred dollars ;

that said Amin W. Dewey, as she had since ascertained, during the time she was insane and of unsound mind, and at or about the time she was declared, by a legally constituted commission, to be insane, and dangerous to the community by reason thereof if suffered to remain at large, well knowing all said facts, procured her to sign a deed of conveyance for said lands. And she averred, that she could not produce a copy of said deed, because it was in appellees' hands, and had not been recorded in the recorder's office of said county; that she had since recovered from her insanity, and her reason had been restored to her; that no part of the pretended consideration for said deed had ever been paid to her; wherefore she asked that said deed be set aside, held for naught, and declared void, and for other proper relief;—That to said complaint, on March 15th, 1872, the appellees demurred for the want of facts sufficient to constitute a cause of action (setting out a copy of the demurrer), which demurrer was overruled by the court;—That the appellees then answered, in two paragraphs (setting out a copy of the answer), in substance as follows:

1. A general denial; and,

2. The appellees said that the appellant's insanity continued only a short time; that she then recovered her reason, at which time said Amin W. Dewey paid her the purchase-money of said real estate, and that the appellant and her then husband, William Sedenburg, then ratified and confirmed said deed of conveyance:—

That appellant demurred to the second paragraph of said answer, for the want of sufficient facts therein (setting out a copy of said demurrer), which demurrer was overruled. And the appellant then replied, by a general denial, to said paragraph of answer (setting out a copy of said reply); and, for a second reply, she said, that, when said purchase-money was paid to her, and when she ratified said deed, she was a married woman, the wife of William Sedenburg (setting out a copy of said second

reply); that appellees demurred to said second reply, for the want of sufficient facts therein (giving a copy of said demurrer), which was sustained; that Celestia Dewey, an infant, answered by her guardian *ad litem;* that the cause was tried by a jury, who returned a verdict for the defendants, the appellees; that appellant's motion for a new trial was overruled, and that a judgment was then rendered on the verdict, in favor of the appellees and against the appellant.

The appellant then set out in her complaint, in this cause, the "substance of all the evidence" given on the trial of the original case. It is not necessary, that we should give a summary of the evidence thus set out, or to notice it even, further than to say, that it did not tend to show that appellant was insane at the time she executed the deed, mentioned in her complaint. There was no evidence whatever, that the appellant was ever adjudged to be of unsound mind, or that she was ever under guardianship as an insane person. After setting out the "substance of all the evidence," on the former trial, the appellant alleged, in substance, in her complaint for review, that, since the rendition of said judgment, she had discovered "material new matter" in said cause, which she had used due diligence to obtain, but which could not have been, by reasonable diligence, discovered by her before the rendition of said judgment, and that said new matter was as follows: That she could prove, if permitted to open up and review said judgment; that said Amin W. Dewey, in his lifetime, William Sedenburg, the appellant's then husband, and Henry Hildebrand, the officer before whom said deed was acknowledged, at the date thereof, all being aware of appellant's insanity, combined and confederated together, for the purpose of cheating and defrauding appellant out of her interest in said land, and for the purpose of procuring her signature to said deed, and by means of which collusion said parties did procure said deed;—said William Sedenburg, for the purpose of procur-

ing for himself the proceeds of said land, said Amin W. Dewey, for the purpose of procuring the legal title to said land, and said Hildebrand, for the purpose of aiding said Sedenburg and Dewey, in the accomplishment of their said purposes; all of which said material new matter appellant averred to be true, as she believed, and that she could prove the same by certain persons named, whose affidavits she filed with and made part of her complaint; that, since the trial of said cause and rendition of said judgment, she had discovered proof positive as to her insanity on the day of the execution of said deed, and the circumstances thereof; that she could prove, that she was insane on that day, by certain persons named; that she believes said facts to be true, and could not, by reasonable diligence, have procured the same upon the trial of said cause; and that her complaint for review was filed without delay, after the discovery of said new matter. This complaint was verified by the appellant's affidavit.

To appellant's complaint the appellees answered in three paragraphs, as follows:

1st. A general denial.

2d. That, in the trial of the suit mentioned in appellee's complaint, the appellee had, in her complaint in the former suit, alleged, as the cause for setting aside said deed, her insanity at the time of making said deed, to which allegation the appellees, in the second paragraph of their answer in said former suit, averred, that, if the appellant was insane when she made said deed, she was afterward cured of her insanity, and that, after she was so cured, she confirmed her said deed and received the full amount of the consideration, mentioned in said deed, from the appellees' ancestor, in full confirmation of said deed.

3d. The third paragraph was a plea of former adjudication.

The appellant demurred to each of the second and third paragraphs of said answer, upon the ground that it did not state facts sufficient to constitute a defence to this ac-

tion.   Upon these demurrers the court below decided, that the appellant's complaint herein did not state facts sufficient to constitute a cause of action; and to this decision the appellant excepted, and, declining to amend further, judgment was rendered against her, in favor of the appellees, on said demurrers.

The only question presented for our consideration by the record of this cause and the appellant's assignment of error thereon, as we have already said, is as to the sufficiency of the facts stated in appellant's complaint to constitute a case of action.   It seems very clear to us, that the averments of her complaint did not show a case in which the appellant was entitled to a review of the former judgment, in said complaint described, for material " new matter discovered since the rendition thereof."

Section 588 of the practice act contains the following provisions:

" Sec. 588.   When the complaint for a review is filed for new matter discovered since the rendition of the judgment, it shall be verified by the complainant, and show that the new matter could not have been discovered before judgment by reasonable diligence; and that the complaint is filed without delay after the discovery."   2 R. S. 1876, p. 249.

It will be observed, that, under this section, the verified complaint of the complainant must *show*, not simply allege or aver, but it must *show*, these two things, namely:

1.   " That the new matter could not have been discovered before judgment by reasonable diligence;" and,

2.   " That the complaint is filed without delay after the discovery.

In both these particulars, the appellant's complaint, in the case now before us, did not, in our opinion, state facts sufficient to constitute a cause of action.   The complaint contained the bald allegation, that the material "new matter," therein set out, could not have been, by reasonable diligence, discovered by her before the rendition of said

judgment; but the complaint did not *show*, nor attempt to show, that this was so, nor any reason why it was so. And so, also, the complaint contained a naked averment, that it was filed without delay, after the discovery of said new matter; but it did not *show*, nor attempt to show, that this was so, by stating the time of the discovery of said new matter. In our opinion, therefore, the appellant's complaint, in this cause, was clearly bad, on the demurrer thereto filed, in this, that it did not contain any sufficient showing of the very matters it should have shown clearly and explicitly, under the requirements of the statute.

The material "new matter" set out in appellant's complaint for review, it seems to us, was nothing more than newly-discovered evidence of the facts alleged in her complaint in the original suit, that, on the day she made the deed mentioned in said complaint, she was a person of unsound mind, and that this was known to the appellees' ancestor, to whom she made said deed. To have established these facts by evidence, is the only purpose for which said material "new matter" would have been available to the appellant in said action, even if it had been discovered before the rendition of said judgment. Newly-discovered evidence will not, alone, be sufficient to entitle a party to the review of a judgment. *Webster v. Maiden*, 41 Ind. 124.

It is manifest, we think, from the averments of the complaint in this cause, that the appellant only proposed to use the alleged "new matter," set out in said complaint, as evidence in support of her original complaint, and not for the purpose of presenting any new issues of fact for trial. For the appellant said, in her complaint for review, "that said new matter is as follows: "That she can prove, if permitted to open up and review said judgment," certain facts therein stated; and we assume, as the contrary is not stated, that her only purpose was to prove those facts, in support of the aver-

ments of her original complaint. If used for this purpose, and none other is stated, then the alleged "new matter" was nothing more than newly-discovered evidence; and this alone will not sustain a complaint for review. *Hall* v. *Palmer*, 18 Ind. 5, *Nelson* v. *Johnson*, 18 Ind. 329, and *Webster* v. *Maiden*, *supra*.

But, however this may be, it is clear to our minds that appellant's complaint for review in this case was fatally defective in this, that it failed to show that she had used any, and if any, what, diligence to discover the alleged new matter, or to show any reason why such new matter could not have been discovered by reasonable diligence, before the rendition of the judgment sought to be reviewed. In our opinion, such a showing is imperatively demanded by the express terms of the statute. *Comer* v. *Himes*, 49 Ind. 482, and *Bryant* v. *Hoskins*, 53 Ind. 218.

The judgment is affirmed, at the appellant's costs.