Alexander *et ux. v.* Daugherty *et al.*

*J. F. McDowell, G. L. McDowell, C. F. Rooker, F. Bixby* and *P. Norton,* for appellants.

*A. Steele* and *R. T. St.John,* for appellees.

———◆◆◆———

## ALEXANDER ET UX. *v.* DAUGHERTY ET AL.

REVIEW OF JUDGMENT.—*Complaint.*—*Insanity.*—*Removal of Legal Disability.*—*Material New Matter.*—*Diligence.*—*Delay*—*Usury.*—*Statute Construed.*—A complaint by a husband and wife, to review a judgment of foreclosure of a mortgage on real estate, was filed five years and three months after the rendition of the judgment, and alleged that, at the time of the execution of the mortgage and certain promissory notes secured thereby, and at the time of the service of summons in the foreclosure suit, the husband was insane ; that such notes included large sums of usurious interest ; and that the husband had not become of sound mind until two years and eight months after the rendition of the judgment.

*Held*. on demurrer, that the complaint showed no error apparent upon the face of the record in the foreclosure suit.

*Held*, also, that the facts alleged do not constitute " material new matter," discovered after the trial.

*Held*, also, that, even if the facts alleged constituted " material new matter," yet, for want of an averment that they could not have been discovered before the former trial, by the use of reasonable diligence, the complaint is insufficient.

*Held*, also, that the complaint was not filed within time after the husband's restoration to sanity.

From the Boone Circuit Court.

*W. B. Walls,* for appellants.

*C. C. Galvin, C. S. Wesner, C. Baker, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks,* for appellees.

BIDDLE, J.—Complaint, by the appellants, against the appellees, to review a judgment, in the following words:

"Come now the plaintiffs, Ira Alexander and Rebecca Alexander, and complain of Lorenzo C. Daugherty, Americus C. Daily, Harvey G. Hazelrigg, Silas A. Lee, Samuel S. Daily, George Wren and William T. Wren, and say that they are husband and wife, and that, on the second day of the May term of the Boone Common Pleas Court, for the year A. D. 1871, defendants obtained judgment against said plaintiffs, by default, for the sum of twenty-one hundred and ninety-eight dollars and ninety-eight cents ($2,198.98), and for the foreclosure of a mortgage, given to secure said notes, on the following described real estate, situate in Boone county, Indiana: The east half of the north-west quarter, and the east half of the north fraction of the south-west quarter, all in section twenty-seven, in township nineteen north, of range two west, containing one hundred acres, more or less.

"That, on the 6th day of June, 1871, plaintiffs, now defendants, caused the clerk of said court to issue a certified copy of said decree, directed to the sheriff of said county, and caused said sheriff to advertise said lands for sale under said decree, and that, on the 15th day of July, 1871, said sheriff did sell said lands to defendants Daugherty, Daily, Hazelrigg, Daily and Lee, and said sheriff did, on the 18th day of July, 1872, execute to said defendants a sheriff's deed for said lands; and that, on the 18th day of July, 1873, said defendants sold and conveyed by warranty deed said lands to their codefendants George Wren and William T. Wren, who are now in possession of said lands.

" The plaintiffs aver that said judgment, and all proceedings had under and pursuant thereto, as set forth above, are null and void and of no effect or virtue in law, for the following reasons, to wit:

" That at the time the alleged judgment was taken, and at the time when service of summons was had upon said Ira Alexander, he was weak in body, sick, and confined to his bed, was also weak, impotent and of unsound mind; that he had no knowledge whatever that a summons had ever been served upon him; that he did not have at the time sufficient mind to discern, comprehend or understand the nature or effect of the writ of summons commanding him to appear and answer to the defendants' complaint at said May term, 1871, of said court; that said sickness and unsoundness of mind of said Ira Alexander have continued ever since, and up to and until about the 10th day of January, A. D. 1874; that he then became conscious and was informed, and for the first time comprehended, that these defendants had obtained judgment against him, and that his lands had been sold and conveyed away from him.

" That defendants had full knowledge of the aforesaid condition of said Ira Alexander, and that they, fraudulently conniving and combining to cheat and defraud him out of his said lands, obtained said judgment against said Alexander, when he had no notice whatever of the pendency of said suit, and, in fact, could not know or comprehend the import of a notice, or the contents of the summons, by reason of the unsoundness at said time, to wit, the 19th day of April, 1871.

" The plaintiffs further aver, that on the 22d day of December, 1865, the defendants loaned plaintiffs the sum of seven hundred dollars and no more, and that on the 22d of December, A. D. 1866, plaintiffs paid defendants the sum of one hundred and twenty-six dollars ($126.00), on said seven-hundred-dollar loan, and that on the 22d day of De-

cember, A. D. 1867, they paid the further sum of one hundred and twenty six dollars ($126.00), on said seven-hundred-dollar loan to defendants, and that on the 7th day of January, A. D. 1869, the plaintffs obtained a further loan of five hundred dollars from the defendants, and took up their seven-hundred-dollar note, made and executed on the 22d day of December, 1865, and bearing interest at the rate of ten per cent. per annum, and executed their note, secured by mortgage on said lands, for the sum of one thousand five hundred and fifty-one dollars and seventy cents ($1,551.70), which was in excess the sum of three hundred and fifty dollars more than plaintiffs owed defendants, and that on the 7th day of January, 1870, the defendants requested plaintiffs to execute to them their note, secured by mortgage, for the sum of three hundred and thirty-one dollars and ninety-three cents ($331.93), as and for one year's interest on the first named note, which plaintiffs had executed to defendants on the 7th day of January, A. D. 1869, calling for the sum of one thousand five hundred and fifty-one dollars and seventy cents ($1,551.70), which defendants agreed to credit said note with, which they, the said defendants, failed and refused to do. Wherefore plaintiffs say that said three hundred thirty-one dollars and ninety-three cents note was given for no consideration whatever other than above mentioned, which was to have been credited on the said 1,551.70 dollar note.

" Plaintiffs further aver, that all of the proceedings had in said Boone Common Pleas Court, at said May term, 1871, a full, true and complete transcript of all the proceedings had in said Common Pleas Court is filed herewith and made a part hereof, were unknown to these plaintiffs; that said Ira Alexander, as aforesaid, during all of the time aforesaid, was of unsound mind; that said plaintiffs have a full and complete defence to said action then pending in said court, and would have

availed themselves of said defence, had not said Ira at the time been of unsound mind, weak in body, and unable to attend court or employ counsel, or know or comprehend the nature or effect of said proceedings; that the said plaintiffs' defence to said action consists of the following facts, to wit: That, at the time of the execution of the notes and mortgage sued on in said Boone Common Pleas Court, said Ira Alexander was of unsound mind, and so remained until the 10th day of January, A. D. 1874; that he, at the time of the execution of said notes and mortgages, did not have sufficient mental capacity to know or comprehend the nature or character of the transaction, or the obligation he was assuming; that the mind of said Ira Alexander was so far impaired by disease that he could not and did not know or comprehend the character of the obligation, nor did he know the contents of the same.

"And that a further and partial defence that said plaintiffs have to said notes and mortgages, and to said action, is, that the sum of nine hundred dollars, which is included in said notes, is usurious, in this, to wit:

"That, on the 22d day of December, A. D. 1865, plaintiffs borrowed from defendants the sum of seven hundred dollars and executed their promissory note, secured by mortgage, due one year from date, for eight hundred and twenty-six dollars, with interest at ten per cent. after maturity, the one hundred and twenty-six dollars ($126.00) being added to the seven hundred dollars borrowed, as and for interest on the said seven hundred dollars ($700.00) for one year, at the rate of eighteen per cent. per annum, and on the 22d day of December, 1866, the plaintiffs paid defendants on said note the sum of one hundred and twenty-six dollars, and on the 22d day of December, A. D. 1867, the plaintiffs paid defendants on said note the sum of one hundred and twenty-six dollars ($126.00), all of which the defend-

ants credited on said note; and on the 7th day of January, 1869, the plaintiffs borrowed the further sum of five hundred dollars from the defendants, and took up their first note, given on the 22d day of December, 1865, and gave the defendants a new note for the whole amount borrowed, due one year from date, making the sum of twelve hundred dollars, which the plaintiffs owed the defendants, at and on the 7th day of January, A. D. 1869, and no more; that the defendants drew up and caused the plaintiffs to sign a note and mortgage, on said 7th day of January, 1869, due one year from date, for the consideration above named, for the sum of fifteen hundred and fifty-one dollars and seventy cents ($1551.70); that the excess over and above the sum of twelve hundred dollars, in said note, was added as and for interest on the first named note for the time the same had run, and for the additional loan of five hundred dollars for one year at the rate of eighteen per cent. per annum, and for no other or different consideration whatever. And the plaintiffs say that, on the 7th day of January, A. D. 1870, the defendants caused them to execute to the defendants their promissory note, due one year after date, for the sum of three hundred and thirty-one dollars and ninety-three cents ($331.93), as and for interest on the aforesaid fifteen hundred and fifty-one dollars and seventy cents ($1,551.70) note for the year 1870, computing the interest all the time at eighteen per cent. per annum, and for no other or different consideration did the plaintiffs execute said note.

"Wherefore plaintiffs demand, for the reasons above set forth, that said judgment of the Boone Common Pleas Court, rendered at the May term, 1871, be set aside, reviewed and opened up, declared null and void, and these plaintiffs be allowed to come into court and plead to the same, and that they have all other proper relief that in law and in equity they are entitled to."

A demurrer for want of facts to constitute a cause

of action was sustained to the complaint. Judgment for appellees on demurrer. Appeal.

Is the complaint sufficient? This is the only question in the record.

A complaint to review a judgment may be filed under the following sections of the code :

Section 586 provides that the person seeking the review " may file in the court where such judgment is rendered, a complaint for a review of the proceedings and judgment at any time within three years next after the rendition thereof. Any person under legal disabilities, may file such complaint at any time within three years after the disability is removed."

Section 587 provides that " The complaint may be filed for any error of law appearing in the proceedings and judgment, or for material new matter, discovered since the rendition thereof, or for both causes, without leave of court."

Section 588 provides : "When the complaint for a review is filed for new matter discovered since the rendition of the judgment, it shall be verified by the complainant, and show that the new matter could not have been discovered before judgment by reasonable diligence ; and that the complaint is filed without delay after the discovery."

The judgment sought to be reviewed was rendered in May, 1871. This suit was commenced in August, 1876. Conceding that the unsoundness of the mind of Ira Alexander was a legal disability within the meaning of section 586, that disability was removed in January, 1874. It is plain that the complaint is insufficient under section 587, because it does not show " any error of law appearing in the proceedings and judgment" sought to be reviewed, and contains no averment of any " material new matter, discovered since the rendition " of the judgment. *Kemp* v. *Mitchell*, 29 Ind. 163 ; *Barnes* v. *Dewey*, 58 Ind. 418.

It does not appear by the complaint but that the facts

averred as matter of defence to the action in which the judgment sought to be reviewed was rendered, were not as well known at the time it was rendered, as when this complaint for a review was filed. They are, therefore, not material new matter, discovered since the rendition of the judgment; and, even if they were, a complaint can not be sustained on such ground, when the new matter was known, or could have been discovered by reasonable diligence, before the trial of the former case. *Jenkins* v. *Prewitt*, 7 Blackf. 329; *Simpkins* v. *Wilson*, 11 Ind. 541; *Comer* v. *Himes*, 49 Ind. 482; *Gregg* v. *Louden*, 51 Ind. 585; *Harlen* v. *Watson*, 63 Ind. 143.

Section 586, which allows a complaint for review to be filed within three years after the rendition of the judgment, or within three years after legal disabilities are removed, is modified and controlled, as to the time within which the complaint may be filed, when it is founded on matter discovered since the rendition of the judgment, by section 588, which requires such complaint to show that it was filed "without delay after the discovery" of such material new matter. The present complaint was not filed until two years and seven months after the alleged disability had been removed from the appellant Ira Alexander. We do not think it was "filed without delay after the discovery," within the fair meaning of section 588. *Collins* v. *Rose*, 59 Ind. 33.

Relief from a judgment, under section 99, must be sought within two years after its rendition. It appears, therefore, upon the face of this complaint, that, under this section, it was not filed in time. *Nelson* v. *Johnson*, 18 Ind. 329; *Webster* v. *Maiden*, 41 Ind. 124.

A complaint will not lie to declare a judgment void and allow the complaining party to come in and defend according to the prayer in the present case. *Hinsey* v. *Feeley*, 62 Ind. 85.

There is no light in which this complaint can be viewed that makes it appear sufficient.

The judgment is affirmed, at the costs of the appellant Ira Alexander.