No. 10,597.

EPSTEIN ET AL. *v.* GREER ET AL.

JUDGMENT.—*Review of.*— *When Judgment not Void or Voidable.*—*Insanity.*— *Complaint.*—A complaint by the guardian of a married woman to review a judgment of foreclosure, against herself and husband, of a mortgage on her lands, both having appeared in person and pleaded, making no question as to her mental condition, upon the ground that at the commencement and during the pendency of the suit she was *non compos mentis,* shows neither error of law nor material new matter, and is bad on demurrer; nor will the additional fact, that the judgment plaintiff knew her mental condition, enable her guardian, afterwards appointed, to maintain a suit to set the judgment aside.

From the Dearborn Circuit Court.

*J. D. Haynes* and *J. K. Thompson,* for appellants.

*H. D. McMullen, D. T. Downey, W. S. Holman* and *W. S. Holman, Jr.,* for appellees.

BLACK, C.—The questions involved in this cause, raised by a demurrer to one of the paragraphs of the complaint, which was sustained, and a demurrer to a paragraph of answer to another paragraph of the complaint, which was overruled, may be briefly stated, as follows: Where, in an action against a married woman and her husband, to foreclose a

mortgage executed by them upon her real estate, the defendants made defence by their joint answer and the several answers of each, upon which issues were formed and tried, and pursuant to the finding judgment was rendered against the defendants on the 13th of February, 1879, for the foreclosure of the mortgage, no question being raised or suggestion made in such action in relation to the mental condition of the female defendant at the commencement of the action or during its pendency, and the mortgaged real estate was sold under such foreclosure, and, after the expiration of the year for redemption, it was conveyed by the sheriff to the purchaser, not a party to such action, and thereafter said married woman was adjudged to be a person of unsound mind and incapable of managing her estate, and, thereupon, a guardian of said married woman was appointed,—might such married woman by her said guardian maintain a suit commenced on the 16th of February, 1881, to review said judgment of foreclosure, upon the ground that during the pendency of the action, and at the rendition of the judgment of foreclosure, she was a person of unsound mind and incapable of managing her estate, and that no guardian or committee was appointed or appeared in her behalf in said action? And upon such ground, and the further ground that the plaintiff in such action for foreclosure, the mortgagee, knew, at the time of the rendition of said judgment of foreclosure, that said female defendant was of unsound mind and incapable of managing her estate, and that said purchaser at the time of the sale had notice of such mental condition of said married woman, at the time of the rendition of the judgment, might said married woman by her said guardian maintain an action, commenced on the 16th of February, 1881, to set aside such judgment, sale and conveyance as void? Both of these questions must be answered in the negative.

The first question does not show any error of law appearing in the proceedings and judgment in the action for foreclosure, or any material new matter discovered since the

rendition of said judgment which could not have been discovered by reasonable diligence before the judgment and the filing of the complaint without delay after the discovery. 2 R. S. 1876, p. 249; *Alexander* v. *Daugherty*, 69 Ind. 388.

And the judgment was not made void by the fact that when it was rendered the wife, who made defence separately and jointly with her husband, was insane and was not represented by guardian, though the plaintiff knew her mental condition. *Alexander* v. *Daugherty, supra ;* Freeman Judgments, section 152.

The judgment should be affirmed.

Per Curiam.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellant.

Filed Jan. 26, 1884.