## BRANHAM *v.* BORUFF ET AL.

[No. 12,045.    Filed January 14, 1925.]

1. JUDGMENT.—*Court will not enjoin enforcement of judgment where plaintiff has been negligent or at fault.*—The enforcement of a judgment will not be enjoined by a court of equity for fraud of the successful party in procuring the judgment if the party seeking relief has been negligent or otherwise at fault.    p. 372.

2. JUDGMENT.—*Negligence of judgment defendant or his attorney in defending action will bar suit to enjoin enforcement of judgment.*—The enforcement of a judgment, obtained in the absence of the defendant in violation of a promise by the plaintiff that no steps would be taken until defendant was present, will not be enjoined where defendant was represented by coun-

sel at the trial, since the enforcement of the judgment will not be enjoined if either the defendant or his counsel was at fault. p. 372.

3. JUDGMENT.—*Negligence of counsel in conducting litigation imputable to client.*—Negligence of counsel in pleading, preparation for trial or in conduct of trial, is imputed to client. p. 372.

From Marion Superior Court (A25,406) ; *Sidney S. Miller,* Judge.

Suit by Lester Branham against Dugan Boruff and another to enjoin the enforcement of a judgment. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Charles Mendenhall,* for appellant.

*James B. Wilson, Q. Austin East* and *James C. Curtis,* for appellees.

REMY, J.—Suit by appellant against appellee to enjoin the enforcement of a judgment on the ground that the same was obtained by fraud. Demurrer to complaint having been sustained, judgment was taken against appellant for refusal to plead further, and this appeal followed. Action of the court in sustaining the demurrer is assigned as error.

The alleged fraud which is made the basis of the complaint is that, pending the action in which was taken the judgment from which relief is asked, the plaintiff in that case (appellee Boruff herein) promised appellant that no steps would be taken in the case in appellant's absence; but that, in violation of such promise, a trial was had, and a judgment rendered against appellant, by reason of which appellant was deprived of a meritorious defense.

The judgment from which relief is sought, and which is made a part of the complaint in this suit, contains a recital that the parties appeared by counsel, and the cause being at issue was submitted to the court for

trial. It is not charged in the complaint that appellant's attorney was a party to the alleged fraud.

It is a well-established rule that the enforcement of a judgment will not be restrained by a court of equity for the fraud of the successful party in procuring the judgment, if the party seeking relief has been negligent or otherwise at fault. *Skinner* v. *Deming* (1851), 2 Ind. 558, 54 Am. Dec. 460; *Shelmire* v. *Thompson* (1829), 2 Blackf. 270; *Duncan* v. *Lyon* (1818), 3 Johns. Ch. 351, 8 Am. Dec. 513; 3 Pomroy, Equity Jurisp. (2d ed.) §1364; 2 Freeman, Judgments §486.

In the case at bar, it cannot be said that appellant was without fault. An attorney of his own choosing was present and conducted a trial on the merits. If the attorney had not, in advance, been fully advised as to all defenses, it was the fault of appellant, and negligence, if any, on the part of the attorney in the preparation and filing of pleadings, or in the conduct of the trial, was, by imputation, appellant's negligence. If appellant's attorney was incompetent, his employment was the injudicious act of appellant.

Sustaining demurrer to complaint was not error.

Affirmed.