# SUPREME COURT.

THE PEOPLE *ex rel.* ADELIA M. SON agt. WILLIAM MINER,
register.

Where a *mortgage* is made to *executors,* as such, and the money is payable to them
and their *survivors or successors,* and not to their personal representatives, *one*
of such executors may receive payment and *satisfy* the mortgage of record, as
well as all, and the register is *bound to enter the satisfaction.*

*New York General Term, June,* 1862.

INGRAHAM, LEONARD and CLERKE, *Justices.*

APPEAL from an order at special term denying a peremptory mandamus against the defendant.

By the court, INGRAHAM, P. Justice. The relator applied for a mandamus directed to the register of the city of New York, commanding him to enter satisfaction of a mortgage given by her to three persons as executors, &c.

The relator paid the money to one of the executors, and received from him a satisfaction-piece of the mortgage signed by himself alone, as executor. This satisfaction-piece was tendered to the register, who refused to file the same, because it was not signed by all the executors. .

On the hearing of this motion at special term the justice denied the motion for a mandamus. The relator appeals from that decision.

It was suggested that, inasmuch as the register does not deny the matters set forth in the application, which show that as a matter of right the moneys due on the mortgage belonged to the estate of the testator, and stated no fact to deny that the mortgage could be discharged by payment to either of the executors, therefore the court should grant the application for a mandamus. The respondent has placed himself simply upon his general duty in this matter under the statute, and I do not think a public officer should be required by mandamus to do any official act upon any

of the technical rules which are applicable to pleadings between parties who are supposed to be personally cognizant of the matters in controversy. Unless, therefore, the ground upon which the relator asks for the mandamus is free from doubt, and that without the presumptions which arise upon defective pleadings, the writ ought not to issue. The real question, therefore, to be decided on this appeal is, whether a satisfaction-piece of a mortgage given for the proceeds of real estate sold by the executors under the authority conferred by the will of the testator, is valid when the same is executed by only one executor.

That such is the rule as to a satisfaction-piece executed by one executor where such satisfaction-piece was held by the testator before his death, is conceded on this application, and is undoubtedly the law, (*Stuyvesant* agt. *Hale*, 2 *Barb. Ch. R.*, 151,) and such I understand is recognized in the uniform practice of the register's office.

It is contended, however, on the part of the respondent, that a different rule is applicable to mortgages executed to two or more executors. That in such case the register has no means of knowing whether the estate of the testator holds the mortgage, or whether it belongs to the executors as trustees, or in their individual rights, and that he is, therefore, bound to require the satisfaction-piece of such a mortgage to be signed by all the parties named as executors. It is not necessary to decide what the rule is in regard to trustees nor in regard to persons who are merely described as executors in the mortgage, where the money is declared to be due to them or their personal representatives.

In the case of *Peck* agt. *Mallane*, (6 *Seld.*, 509,) it was held that a mortgage in the usual terms, except that in naming the parties, the mortgage was described as made to the executor of an estate, was *prima facie* the private property of the mortgagee, and that in order to enable an administrator subsequently appointed after the death of the executor to collect such mortgage, he must prove that

the mortgage belonged to the estate of the testator, and not to the deceased executor. In that case it appears, from the opinion of JOHNSON, J., that the mortgage moneys were payable to " the party of the second part, his certain attorney, heirs, executors, administrators or assigns ;" and the court held that on the face of the mortgage it appeared to be the property of the mortgagee, and if claimed by another, the personal representatives of the mortgagee were necessary parties.

In the present case, it is made payable to the survivors, &c., and not to the personal representatives, and they would not have an interest such as is stated in the case cited.

Nor do I deem it necessary to discuss the question whether in the case of trustees a payment to one of moneys due on a mortgage is not a valid payment and sufficient to discharge the mortgage. Those questions may admit of discussion which it is unnecessary to enter into in the present case.

That executors as such are considered as one person, and that each has full power to receive payment of the debts due to the testator is well settled. ( *Wheeler & Wheeler* agt. *Wheeler*, 9 *Cow.*, 34.) And where it appears that the debt claimed was due to the estate or for property belonging to the estate, which, when collected, would be assets, there seems to be no distinction in the rule. (7 *John. Ch. R.*, 18 ; 10 *Bingh.*, 51 ; *Bogert* agt. *Hertell*, 4 *Hill*, 492.)

In the last cited case, the bond and mortgage was payable, as in this case, to the mortgagees as executors, their survivors, &c., and the court held that one executor might sell, receive payment, and assign the mortgage, and that such a sale passed a complete title to the purchaser. The argument used by the counsel for the respondent in this case was relied on in the case of *Hertell* agt. *Bogert*, but without avail. That case must be considered as settling two points ; one, that executors, in disposing of the estate of the testator, are to be considered as one person ; and

and that each has full power to dispose of the assets of the estate, to receive payments of debts due the estate, and give proper discharges therefor.

In the present case, the bond and mortgage shows upon its face, that it was executed to the mortgagees as executors of this estate, and was for part of the consideration money of premises conveyed by them as executors, at the time of giving the mortgage ; that it was payable to them as executors, and the survivor of them, &c., and not, in any event, to their personal representatives ; so that, in the case of death, the interest would pass to the survivors, and not to the personal representatives.

I think, from these facts, there can be no doubt of the application of the rules above stated, and that one executor possesses the same power to satisfy, on record, the mortgage, as he has to sell, assign, and receive payment of it.

The only ground on which the respondent sets his refusal to satisfy the mortgage is, that the statute requires the satisfaction-piece to be executed by the mortgagee. We think this is substantially complied with, when the mortgage to the executors is on property belonging to the estate, and one of the executors executes the same.

It ought to be remembered, also, that the rule on which the respondent puts his case was one adopted long before the Revised Statutes, and at a time when the estate of a deceased person, on the death of the executor, passed to his executor ; and when other rules also existed for the government of such trusts and the discharge of the duties of executors than those prescribed now by law. Such a bond and mortgage as this would belong to the estate of the testator, and not to the estate of the executor, on his decease. The case of *Peck* agt. *Mallane*, (6 *Seld.* 509,) before referred to, does not establish any contrary doctrine, as, in that case, the bond and mortgage was payable to the legal representatives, and did not show that it would, in any event, belong to the estate.

We are therefore of the opinion that, in cases where a mortgage is made to executors, as such, and the money is payable to them and their survivors or successors, and not to their personal representatives, that one of such executors may receive payment and satisfy the mortgage on the record, as well as all, and that the register should, in such a case, file and enter the satisfaction.

The judgment at special term should be reversed, and judgment ordered for the appellants ; and as the respondent has no defence in his return, except the one passed upon on this appeal, we direct a peremptory writ of mandamus to issue. No costs are given to either party.

LEONARD, J. Where a bond and mortgage are made to certain persons as executors, and the money due is also payable to them, and the survivors or survivor, there can be no pretence that they hold in a personal capacity. They are estopped from making such a claim. It is also suggested that executors taking a mortgage payable to themselves as executors, and to their survivors, &c., for part of the consideration money of premises sold by them belonging to the testator, may hold as trustees of an express trust.

The question arises whether the register, before satisfying the record, or any other party transacting business with the executors in respect to such a mortgage, must ascertain whether it is held by the mortgagees in one capacity or the other. It cannot be doubted that the legal title to such bond and mortgage is in the mortgagees as executors. They would be so considered in all proceedings for foreclosure or collection.

The rule insisted on by the register requires the relator to prove a negative, viz., that the mortgagees are not trustees of an express trust. Perhaps it may be more properly stated that he requires the relator to produce and file a certified copy of the will under which the authority is claimed for one executor to acknowledge satisfaction of

such mortgage. The position assumed by the register denies to the mortgagees their right to occupy that relation to the bond and mortgage which the legal effect of these instruments permits or requires. He denies to the mortgagees the character of executors simply, without further proof. In my opinion the register must accord to all parties the position and rights which attach to them, according to the legal effect of the representative character which they have assumed in the instruments recorded in his office. He has no more right to insist upon having executors, who are mortgagees, under such a mortgage as the present one, produce a copy of the will under which they act, than he would have to require them to produce evidence that they had not been removed.

I concur in the decision pronounced by the presiding justice.