MARKLE ET AL. *v.* THE BOARD, ETC., OF CLAY COUNTY ET AL.

COUNTY COMMISSIONERS.—*Relocating County Seat.—Fraud.—Injunction.*— Fraud consummated in and by the final order of a board of commissioners, relocating the county seat and directing the erection of a new court-

house and jail, practised upon such board by the petitioners for such order, is sufficient ground to sustain an independent proceeding in the circuit court to procure an injunction against such board, restraining them from carrying out such order.

SAME.—Fraud, in such proceedings, practised upon such board, by such petitioners, in the procuring of fraudulent signatures to the petition for such order, or in any other matter which might have been contested before such board, during the pendency of such petition, is not ground sufficient to obtain such injunction.

SAME.—*Pleading.*—Where an injunction in such cause is sought to be obtained on account of a fraud practised and consummated three years prior to the commencement of such action, if such delay be unexplained in the complaint, it is insufficient on demurrer.

SAME.—In an action to obtain such injunction the complaint must allege that such court-house and jail, the building of which is sought to be enjoined, have not already been erected.

From the Clay Circuit Court.

*A. T. Rose, J. J. Stephenson, W. W. Carter* and *S. D. Coffey,* for appellants.

*E. W. Curtis, G. A. Knight* and *I. M. Compton,* for appellees.

BIDDLE, J.—This case is the same as *The Board of Commissioners of Clay County* v. *Markle,* 46 Ind. 96, in which all the questions now presented were settled adversely to the appellants, except the allegation that the decision of the board was obtained by fraud.   It is stated in the appellants' brief, that, " upon the return of the decision of the Supreme Court to the lower court, leave was given to amend the complaint, and an amended complaint was filed, in two paragraphs."   This is the complaint now before us, but, from the transcript, it appears to be entirely a new case, and so we must treat it, for there is no part of the original proceedings in the circuit court before us in this case.   A demurrer to the complaint, alleging the insufficiency of the facts charged, was sustained, and exceptions reserved.

The present complaint was filed April 12th, 1875.   Its prayer is, to set aside the proceedings of the board of commissioners of Clay county, which were commenced in

September, 1871, to grant a perpetual injunction against the defendants, and that they and their successors in office be forever enjoined from relocating said county seat, or expending money in the erection of a court-house or county jail, and for general relief. The allegations of fraud in the complaint are, that the vendor had no title in the grounds conveyed to the board for the purposes of a court-house and jail; that the board refused to investigate the title to the lands, and were deceived therein; that the board refused to count the signatures to the petition upon which the proceedings were founded; that there were not the requisite number of signatures; that many of them were fictitious; that many of the signers were not citizens of the county; that the board, being ignorant of such facts, relied upon the false representations of the petitioners, and acted on their representations. Other various charges of fraud are made, but the facts alleged all existed before the final order of the board relocating the court-house and jail was made, all of which were open to contest, and some of which were contested, before the board, during the proceedings, and before the final order was made. Assuming that the fraud is sufficiently charged, and that the circuit court had jurisdiction and power to enjoin proceedings under an order of the board, for fraud, it could be done only for fraud practised on the board in procuring the order, and which was not consummated until the final order was made. It could not be done for fraud practised in the petition, nor in the land titles, nor for anything which existed before and could be contested in the proceedings while they were *in fieri*, and before the final judgment thereon. If the appellants omitted their opportunity then,—their day in court—it is now too late to attack the proceedings collaterally. Besides, the proceeding now before us was commenced more than three years after the alleged fraud existed, without any explanation of the delay. Relief against fraud must be sought promptly, before the rights of inno-

cent parties intervene, or it will be denied. *Prettyman* v. *The Supervisors, etc.*, 19 Ill. 406. For anything shown in the present proceeding, the relocation of the county seat may have been accomplished, the court-house and jail built, and the work completed to the general satisfaction of the public, before the complaint was filed.

The demurrer to the complaint was properly sustained.

The judgment is affirmed, at the costs of the appellants.