## COLLINS, ADMINISTRATRIX, *v.* ROSE ET AL.

REVIEW OF JUDGMENT.—*Pleading.*—*Diligence.*—A complaint for review of a judgment for material new matter, which does not show that the alleged new matter could not have been discovered before judgment by reasonable diligence, and that the complaint is filed without delay after the discovery, is bad on demurrer.

SAME.—*Waiver.*—*Judgment by Agreement.*—*Form of Judgment.*—*Costs.*—Where a judgment is entered by agreement of the parties, errors in the prior proceedings and defects in the pleadings are waived. Errors in a judgment, as to its form and as to the payment of costs, are waived by failure to except thereto. A judgment will not be reviewed for errors of law which have been waived.

APPEARANCE.—*Administrator.*—*Attorney.*—An appearance by an administrator in person, in an action on a claim against his decedent's estate, wherein judgment is rendered by agreement against the estate, is not necessary; an appearance by his attorney is sufficient.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle,* for appellant.

*G. G. Reily* and *W. C. Johnson,* for appellees.

PERKINS, J.—Suit to review a judgment on two grounds:

1.  Error of law appearing in the proceedings and judgment;

2.  Material newly-discovered matter.

The complaint is in a single paragraph. There was no motion to separate it into two. Sec. 587 of the code enacts, that " The complaint may be filed for any error of law appearing in the proceedings and judgment, or for material new matter, discovered since the rendition thereof, or for both causes," etc.

Section 588 of the code of practice, 2 R. S. 1876, p. 249, is as follows: " When the complaint for a review is filed for new matter discovered since the rendition of the judgment, it shall be verified by the complainant, and show that the new matter could not have been discovered before judgment by reasonable diligence; and that the complaint is filed without delay after the discovery."

The complaint contains no allegations on these points;

and the facts stated in it make it manifest, that the alleged new matter could have been discovered without any diligence.

If there were any errors of law, the record shows that they were waived.

A demurrer was sustained to the complaint. Judgment against the plaintiff. Appeal.

The only error assigned is the sustaining of the demurrer to the complaint.

The facts set forth in the complaint are these : On the 22d day of October, 1872, in the Green Circuit Court, Indiana, Elisha E. Rose and Elijah H. C. Cavins recovered a judgment against Elisha Collins and Joseph Collins, for one hundred and eighty-six dollars and twenty cents. There was a receipt on the judgment, dated July 23d, 1873, for one hundred dollars paid.

On the record was this assignment: "We assign this judgment, so far as unpaid, to Wm. L. Loper.

"Sept. 7th, 1874.                    Rose & Cavins."

Joseph Collins afterward died; and a transcript of the above judgment was filed in the Green Circuit Court, against his estate. In that court, at the February term, 1875, the following record was made :

"February term, 1875, fifth day, and fifth day of February, 1875.

"Elisha E. Rose and E. H. C. Cavins ⎫
        vs.                 Claim. ⎬ No. 1409.
  Joseph Collins' Estate.          ⎭

" Come now the claimants, and the administratrix on said estate, by their attorneys, and, by agreement, judgment is now rendered herein in favor of the claimants in the sum of two hundred and twelve dollars. It is therefore ordered by the court, that the administratrix of the estate of said decedent pay to the claimant, out of the assets of said estate in her hands to be administered, said sum of two hundred and twelve dollars, and also the costs herein."

No objection or exception was taken. This is the judgment sought to be reviewed in the suit now before us on appeal.

The plaintiff, said administratrix, alleges, in her complaint for a review, "that this plaintiff did not appear in person to said action, and that no rule to answer was taken against her, and that no answer was ever filed by her or by any one for her, and that no complaint was filed with the transcript of the judgment in the circuit court, as a cause of action."

The demurrer to the complaint was rightly sustained.

As a complaint based on the ground of newly-discovered material matter, it was palpably insufficient, as is manifest from what has already been said. As a complaint for review, based upon errors of law appearing on the face of the record, if it shows any such, it at the same time shows that they were waived.

The judgment sought to be reviewed was entered by agreement. This was a waiver of errors in the previous proceedings in the cause, *Preston* v. *Sandford's Adm'r*, 21 Ind. 156; and of defects in the pleadings, *Applegate* v. *Edwards*, 45 Ind. 329. And any errors in the judgment, as to form and as to the payment of costs, were waived by the failure to except thereto. *Richardson* v. *Howk*, 45 Ind. 451.

The plaintiff alleges that she did not appear in person, but does not deny that she appeared by attorney, as stated in the record, and such an apearance, in the case of *Preston* v. *Sandford's Adm'r*, *supra*, was treated as an appearance by the principal, where that principal was an administrator. And see, on this point, *The Floyd Co., etc., Ass'n* v. *Tompkins*, 23 Ind. 348; *Barnes* v. *Dewey*, 58 Ind. 418.

The judgment is affirmed, with costs.