## HARLEN *v.* WATSON ET AL.

REVIEW OF JUDGMENT.—*Cross Complaint for Review.—Fraudulent Conveyance.—Evidence.—Husband and Wife.—Demurrer.—Insufficiency of Complaint a Ground for Review.—Coverture.—Limitations.—Legal Disabilities.—Practice.—Sheriff's Sale.*—In an action by B., against A., G. and others, to review a judgment in favor of G., against A. and B., rendered in an action by G., against A. and B., to set aside certain alleged fraudulent conveyances made through J., by S., to A. and B., the wife and minor child of S., A. filed a cross complaint against G., alleging, that, in the action sought to be reviewed, G.'s com-

63 143
139 555

63 143
146 633

Harlen *v.* Watson *et al.*

plaint against A. and B. alleged, that the conveyances attacked had
been made by S., to defraud G. in the collection of a debt in his favor
against S , existing prior, and merged in a judgment subsequent, to the
making of such conveyances, and that S., from and after the rendition of
such judgment, had been " wholly insolvent;" that A., on her own behalf
and as guardian *ad litem* of B., had filed a cross complaint against G., alleg-
ing that, in consideration of money advanced by A. to S., her husband, to
pay off a debt owing by him, and in consideration of her joining with him
in a conveyance of certain other lands, he had promised to procure the con-
veyance to her of the land in controversy; that, either by mistake or oth-
erwise, but without her knowledge or consent, he had taken such convey-
ance in his own name; that thereupon, without any intention on her part
to defraud his creditors, and without any knowledge of her husband's
indebtedness, and solely to carry out his agreement with her, she and her
husband made the conveyance complained of to J., and J., at her request,
had made the conveyance complained of to A. and B.; and that, at the
time of such conveyances, S. was solvent; that a demurrer to such cross
complaint, for insufficiency, had been sustained, to which A. had excepted;
that thereupon judgment was rendered, setting aside such conveyances
and subjecting the land in controversy to sale on execution to satisfy G.'s
judgment against S.; that said land had been sold, and a certificate of
purchase issued, to G., by the sheriff; that A. was, at the time of such action
by G., and now is, a married woman.   Prayer, that the sheriff be enjoined
from conveying to G., that the judgment against A. and B. be reviewed,
that the demurrer to A.'s said cross complaint be overruled, and that the
title to the land be quieted in A. and B.   A.'s cross complaint for review
set out a transcript of the proceedings and judgment had in the action
sought to be reviewed, which transcript, though not certified to by the
clerk, was averred to be a full, true and complete copy thereof.

*Held*, on demurrer, that A.'s cross complaint for review is sufficient.

*Held*, also, that her cross complaint in the action sought to be reviewed was
sufficient.

*Held*. also, that G.'s demurrer to A.'s cross complaint for review admitted
the truth of the allegation that the transcript of the former action was full,
true and complete.

*Held*, also, that. as A.'s cross complaint in the original action was not an
answer to G.'s complaint, the demurrer to the former could not have been
carried back and sustained to the latter.

*Held*, also, that the allegations of such cross complaint, seeking affirmative
relief, could not have been given in evidence under the general denial,
which was also pleaded by A.

*Held*, also, that the insufficiency of G.'s complaint was good ground for a re-
view of the judgment, though no demurrer thereto was filed.

*Held*, also, that such complaint was insufficient.

*Held,* also, that the failure of A. to file her cross complaint for review, within three years after the rendition of the judgment sought to be reviewed, is avoided by the averment of her coverture as a legal disability.

SAME.—*Legal Disabilities.—When Pleaded.—Demurrer.*—Where a complaint shows upon its face that the action is barred by the statute of limitations, and also shows that the plaintiff is under no legal disability, it is insufficient on demurrer; but, where it does not affirmatively show that the plaintiff is under legal disability, such fact must be made to appear by answer.

From the Tipton Circuit Court.

*J. E. Heller* and *D. V. Burns,* for appellant.

*J. Green, D. Waugh, J. W. Robinson, A. Q. Jones* and *W. S. Ryan,* for appellees.

BIDDLE, J.—In 1875, Joshua K. Harlen, Jr., Rosa B. Harlen and John C. Harlen, by David N. Fisk, their next friend, brought this complaint to review a judgment rendered in 1870 against them and the appellant, at the suit of the appellees, declaring a deed purporting to convey certain lands to the plaintiffs, the defendants therein, and the appellant, to be fraudulent and void as against creditors, and decreeing the sale of said lands to satisfy certain claims in favor of the appellees against Joshua K. Harlen, Sr., the vendor in the deed.

To the present complaint for review the appellant is made a party defendant. She appeared, and, admitting the facts as stated in the complaint, filed a cross complaint against the appellees, which substantially contains the following averments:

That, on the 21st day of April, 1870, certain of the appellees filed their complaint against the appellant, Joshua K. Harlen, Sr., and Josiah M. Clark, and the other appellees herein, averring, that, on the 21st day of October, 1868, Joshua K. Harlen, Sr., was the owner of certain described lands; that, on said day, the said Joshua K. Harlen, Sr., and the appellant, then his wife, conveyed the said lands to Josiah M. Clark, without any consideration,

and that said Clark, on the 24th day of October, 1868, conveyed the same to the said Joshua K. Harlen, Jr., Rosa B. Harlen and John C. Harlen and the appellant; that, prior to said conveyances, the said Joshua K. Harlen, Sr., was indebted to certain of the defendants herein, in large sums of money, for which they have since recovered judgments, sued out executions thereon, and exhausted the property of Joshua K. Harlen, Sr., which failed to satisfy said judgments, and that said conveyances were fraudulent, etc.; that, on the 6th day of May, 1870, she, for herself and as guardian *ad litem* of the minor defendants, the said Joshua K. Harlen, Jr., Rosa B. Harlen and John C. Harlen, filed their separate answers to said complaint in two paragraphs, the first being a general denial, and the second a cross complaint, showing that the appellant had paid full value for the property conveyed to her and said children, without knowledge of the existence of the indebtedness of the said Joshua K. Harlen, Sr., to the plaintiffs; that said conveyance was accepted by them without any fraudulent intent, and asked that the title to said lands be quieted in them; that to this cross complaint the plaintiffs filed their demurrer, for the reason that the same did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court, and exceptions reserved to the ruling; that such proceedings were had in said cause, that a verdict was returned at the May term, 1870, but no entry of judgment or decree was made or signed by the court during said May term, 1870; that, at a time subsequent to said term, a *nunc pro tunc* entry of the finding and judgment in favor of said plaintiffs and against the appellant and others, and an order of sale of said premises, were made in said cause solely by J. V. Cox, clerk, as of the 16th day of May, 1870, " and said suit being determined went off the docket, and has never since been reinstated."

That, on the 19th day of December, 1870, said plaintiffs

in the original suit filed in said court, against this appellant and others, a complaint entitled, "A motion for rendition of judgment." This plaintiff avers that she had no notice whatever of the pendency of said proceedings; yet such proceedings were had thereon, as that, at the May term, 1871, of said court, a decree was rendered therein setting aside the appellant's title to said lands, and declaring that the said conveyance was fraudulent and void as against the creditors of Joshua K. Harlen, Sr., and decreeing a sale of said lands to pay the judgments aforesaid; that the sheriff of the county, on the 14th day of November, 1874, sold said lands as lands are sold on execution, and that the same were bought by Aquilla Jones, one of the defendants hereto, who now holds the certificate of purchase from said sheriff; that the appellant, during all said time was, and still is, under legal disability, being a married woman, the wife of her co-defendant, Joshua K. Harlen, Sr.; that a full and complete transcript of the record in said cause is filed herewith and made a part hereof; that the court erred in sustaining the demurrer to said cross complaint in said cause, and erred in rendering judgment that said conveyance was fraudulent and void, and in subjecting said premises to sale to pay the debts of Joshua K. Harlen, Sr., and erred in rendering judgment without having acquired jurisdiction over the person of the appellant, and erred in appointing the guardian *ad litem* of the minor defendants in said suit, who is and was at the time a married woman, being the wife of Joshua K. Harlen, Sr.

Prayer, that the judgment be reviewed and set aside; that the demurrer to the cross bill therein be overruled; that the title to said lands be quieted in the vendees of said deed, and that the sheriff be enjoined from executing a deed to the purchaser at said sheriff's sale, etc.

A demurrer to this cross complaint, alleging the insuffi-

ciency of the facts therein stated to constitute a cause of action, was sustained, and exceptions reserved. The appellant stood by her demurrer, and the court rendered judgment against her. This ruling presents the only question in the case for our consideration.

To the complaint in the judgment and proceeding sought to be reviewed, the appellant answered by a general denial, and also filed the following cross complaint:

" Second. And, for an answer and cross complaint herein, she says, that, before the execution of the deed mentioned in said complaint to her and her said children, to wit, on the 10th day of January, 1860, her husband, to whom she has been married and for whom she has toiled more than thirty years last past, was the owner of two hundred acres of land in Clinton county, in said State, of the value of $10,000, free from incumbrances except as herein mentioned, as well as of a large amount of personal property. His personal property was more than sufficient to pay all his debts existing at that time. The portion of said lands occupied as a homestead by her and her said husband, consisting of forty acres, was incumbered by a mortgage to the school fund of said county of Clinton for the sum of $500. And this defendant avers, that, in consideration of the sum of $500, then advanced by her to her said husband, at his request, out of her own separate funds, to pay off said mortgage, he, her said husband, then agreed and promised to convey said homestead, which was then of the value of three thousand dollars, to her, by way of settlement for her separate use, but he neglected to make such conveyance. Afterwards, and but a short time before the purchase of the lands mentioned in the complaint and an adjoining forty-acre tract, her said husband, being desirous of disposing of said lands in said county of Clinton, and re-investing the proceeds thereof in lands and other property in said county of Tipton, in consideration that this defendant

would join with him in the conveyance of said land, and thus extinguish her contingent interest therein, he, her said husband, being at the time unembarrassed by debts, and being worth at least $12,000 over and above all liabilities against him, and in consideration of his undertakings aforesaid and the money she had advanced him as aforesaid, then promised and agreed to and with this defendant to purchase for her, in her own right, an eighty-acre tract of land near the Indianapolis, Peru and Chicago railroad, in said county of Tipton, and erect good and suitable buildings thereon, for a home for herself and family; and this defendant avers, that, relying on said promises and undertakings of her said husband last aforesaid, she did join with her said husband in the conveyance of said Clinton county land.

"Afterwards, to wit, on the 21st day of October, 1863, in pursuance of said last mentioned undertakings and agreements on the part of her said husband, he did purchase the lands mentioned in the complaint, and said adjoining forty-acre tract, for her, but, by mistake or from some cause unknown to her, took the title to the same in his own name, without her knowledge or consent; and the improvements made on said lands by her husband since said purchase have all been made by him in pursuance of her said contract with him before mentioned.

"Immediately after said purchase, her said husband put her in possession of said lands, which she has continued to hold ever since, and during the time she has been so in possession she has made valuable and lasting improvements thereon, to at least the value of $1,000. .

"Shortly before the execution of the conveyance to her and said children, mentioned in the complaint herein, her husband became embarrassed in his circumstances, and proposed to mortgage said two forty-acre tracts of land to Messrs. Landers, Conduitt & Co., to secure the sum of be-

tween $800 and $900, but she refused to join in said mortgage, or any other mortgage or conveyances of property to which she held the legal title, but finally consented to join with him in mortgaging the said forty-acre tract adjoining the said lands mentioned in said complaint, on condition that he would, without further delay, convey or cause to be conveyed to her and her said children the lands mentioned in said complaint, which of right had belonged to her ever since he had purchased the same ; and this defendant avers, that, in consequence of her joining with him in the execution of said last named mortgage, and in consideration of his said agreement, entered into to induce her to pay him said $500, and to join with him in conveying her said contingent interest in said Clinton county lands as aforesaid, said lands mentioned in the complaint were conveyed to said Clark simply as trustee, in order that he might convey the same to her and her said children ;—all in discharge of said undertakings and agreements of her said husband and made as herein stated, without any intention to defraud the creditors of the said husband; and she shows to the court that the provisions made for her by her said husband, in pursuance of his said agreement, are reasonable, and that she chose to have the deed made to her and her said children in the place of having the title made to her in her own right,

"She asks that the lands mentioned in said complaint be quieted in her and her children."

The defendants to this cross complaint demurred to it upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and exceptions reserved.

This ruling is claimed to be erroneous, and is the ground upon which the judgment is sought to be reviewed.

It seems to us that the facts alleged in this cross com-

plaint constitute a good cause of action in favor of the appellant. They show that she acquired a meritorious right to claim the land, upon a good consideration, before the debts, to the payment of which the land is sought to be subjected, had any existence, and at a time when the debtor was unembarrassed. We believe it falls fairly within the ruling in the case of *Tracy* v. *Kelley,* 52 Ind. 535, and the numerous cases therein cited. The demurrer to the cross complaint should have been overruled. This error of law, appearing in the proceedings and judgment, forms a ground upon which they may be reviewed. 2 R. S. 1876, p. 249, sec. 588.

It is claimed, on behalf of the appellant, that the original complaint in the judgment sought to be reviewed is defective in not averring the insolvency of Joshua K. Harlen, Sr., at the time his deed, which is alleged to be fraudulent, was made; but there is no averment in the cross complaint of the appellant, presenting this question; we therefore can not consider it. As the cross complaint was not an answer to the original complaint, the demurrer to the cross complaint would not reach back to the original complaint.

The appellees insist that the appellant has not brought before the court a complete record of the proceedings and judgment which are sought to be reviewed. A transcript of the proceedings and judgment is set forth with the cross complaint, and it is averred that it is a full, true and complete record. The demurrer admits the truth of this averment, and we think it is sufficient. It is true, the record is not authenticated by the clerk's certificate and seal, but that is not necessary when the demurrer admits it to be the record.

The appellees also contend, that, as the general denial had been pleaded by the appellant to the complaint, and that as all the facts averred in the cross complaint could

have been given in evidence at the trial under the general denial, the error in sustaining the demurrer to the cross complaint is harmless. We think the appellees are mistaken in supposing that all the facts alleged in the cross complaint could be given in evidence under the general denial. These facts, as we have held, show a good cause of action against her co-defendants, and, for the purpose of sustaining this cause of action, the facts could not be given in evidence, against her co-defendants, under a general denial to the complaint. Besides, the facts authorize affirmative relief to the appellant, for which she prays, and which could not be given under her general denial to the complaint.

The appellees further claim that the cross complaint shows upon its face, that it was not filed within three years next after the rendition of the judgment which it seeks to review. To avoid this, the appellant avers that she was under the legal disability of coverture at the time, and brought her suit within three years after the disability was removed.

But we do not think that a demurrer, for the insufficiency of the facts averred, could properly be sustained to the cross complaint in this case upon the ground that it shows upon its face, that it was not filed within three years next after the rendition of the judgment.

There are other legal disabilities besides coverture, as being within twenty-one years of age, of unsound mind, imprisoned, or out of the United States. 2 R. S. 1876, p. 313, sec. 797.

And, when a complaint shows upon its face, that the cause of action which it avers has been barred by time, and also shows upon its face, that the plaintiff was under no legal disability to sue during the time, the defect in the complaint may be reached by a demurrer, alleging the insufficiency of the facts to constitute a cause of action; but,

when the complaint shows upon its face that the cause of. action has been barred by time, and alleges nothing as to the legal disability of the plaintiff, or does not show by proper . averments, that he was under no legal disability to sue, the defect can not be reached by demurrer, but must be pleaded as an answer, and then the plaintiff may reply the disability, if any exists. *Potter* v. *Smith*, 36 Ind. 231.

In short, a complaint in such case, to be subject to a demurrer, must show that the action is not brought in time, and that the plaintiff was not under any legal disability; otherwise the legal disability must be set up by a reply to an answer of the statute of limitations.

The demurrer to the cross complaint in this case therefore, although it showed on its face that the action had not been brought within three years next after the rendition of the judgment sought to be reviewed, but did not show that the plaintiff was under no legal disability to sue during the time, could not properly be sustained, upon the ground that the action was not commenced within the time required by the statute.

We have thus disposed of all the questions in the case.

The judgment is reversed, at the costs of the appellees, and the cause remanded with instructions to overrule the demurrer to the cross complaint filed by the appellant.

ON PETITION FOR A REHEARING.

BIDDLE, J.—The appellant petitions us to pronounce an opinion upon the sufficiency of the complaint in the proceedings sought to be reviewed.

No demurrer was filed to this complaint, and, as the demurrer filed to the cross complaint would not reach the original complaint, it appeared at first view, that no question was reserved against the complaint in the original proceedings; but, as the sufficiency of that complaint could be questioned in this court

by an assignment of error, we think its insufficiency, although it was not demurred to, might be a ground to review the proceedings. We therefore think it better, as future proceedings in the court below are to be had, to decide the question.

The deeds attacked, as being fraudulent against the creditors of Joshua K. Harlen, are alleged to have been made on the 21st and 24th days of October, 1868. Some of the debts sought to be paid out of the lands so conveyed are alleged to have existed before the deeds were made; and it is averred that certain judgments had been recovered since that date, upon debts due before the deeds were made. On some of the judgments a return of " no goods " had been made. It is necessary in a complaint of this character, that it contain an averment that the debtor had no other property subject to execution at the time the deeds alleged to be fraudulent were made, or some equivalent averment, as that he was insolvent at that time. In the complaint we are considering the averment is, " that the said Joshua K. Harlen, Sr., is wholly insolvent, now is and has been from the rendition of all of said judgments, and up to this time, except the land before mentioned." As these judgments were recovered after the deeds were made, we do not think this averment sufficient. *Sherman* v. *Hogland*, 54 Ind. 578; *Eagan* v. *Downing*, 55 Ind. 65; *Bentley* v. *Dunkle*, 57 Ind. 374.

We must hold the original complaint insufficient.

This ruling does not affect the decision heretofore rendered, but will be considered a part of the original opinion.

The appellees have filed a petition for a rehearing; but as they make no point that was not fully considered in the original opinion, and as we are still satisfied with the views therein expressed, the petition is overruled.