The State, *ex rel.* Cartwright, *et al. v.* Holmes, Administrator.

The State, ex rel. Cartwright, et al. *v.* Holmes, Ad-
ministrator.

Review of Judgment.—*Complaint.—Service of Summons.—Appearance.*—
In an action by an administrator *de bonis non* to review a judgment
against his predecessors, on an official bond alleged to have been executed
by one of such predecessors as principal and by the decedent as his surety,
the complaint alleged that there had been no service of summons upon
any of such predecessors except such principal in the bond; but the record
accompanying the complaint showed an appearance, by attorney, of all
the defendants.
*Held,* on demurrer, that the appearance of record controls such averment of
want of service.
Same.—*Judgment on County Treasurer's Bond.—Material New Matter.—
Diligence.*—The bond in such case being the bond of a county treasurer,
duly on file and recorded three years and ten months prior to the com-
mencemen of the suit resulting in the judgment sought to be reviewed,
and four years and three months prior to the rendition of such judgment,
an alleged discovery, a year and four months after the rendition of such
judgment, that the supposed signature of the decedent to the bond was a
forgery, does not show the use of the reasonable diligence necessary to
obtain a review for the alleged " material new matter."
Same.—*Fraud as Ground of Review.*—A party to the record may have a
judgment reviewed for fraud practised in obtaining the judgment, but he
may not, though a stranger to the record may, have the judgment re-
viewed for fraud in the cause of action.
Same.—*Fraud Between Co-Parties.*—Fraud practised upon a defendant,
by a codefendant, in allowing judgment to go against both, is not ground
upon which the former may have the judgment reviewed.
Same.—The fact that,—in a suit by the State, on the relation of the county·
auditor, on the official ond of the county treasurer, against the treasurer·
and the representatives of his deceased sureties, for an alleged defalcation,—
the relator promised the principal leniency in a criminal prosecution of"
the latter for the same defalcation, if he should allow judgment to go
without defence, affords no ground to such representatives to have such
judgment reviewed, even though such principal fraudulently concealed
from them an effectual defence on behalf of such decedent's estate.

From the Miami Circuit Court.

*L. E. McReynolds* and *J. Applegate*, for appellant.

*J. A. Sims* and *M. Winfield*, for appellee.

BIDDLE, J.—Complaint by the appellee, against the appellants, in three paragraphs, to review and set aside a judgment.

A separate demurrer was filed to each paragraph, and overruled. One ground of demurrer alleged was, that neither paragraph contained facts sufficient to constitute a cause of action.

Answers were filed; issues formed; a jury trial had; and a verdict returned for the appellee in the following words: " We, the jury, find for the plaintiff." Upon this verdict, over a motion for a new trial, the court decreed that the judgment sought to be reviewed " be, and is hereby, set aside and declared null and void as to this plaintiff, William Holmes, administrator," etc.

The complaint is as follows :

" First paragraph of the complaint:

" For amended complaint, the plaintiff says he is the administrator of John Farneman, deceased ; that February 21st, 1873, by the judgment of the White Circuit Court, the State of Indiana, upon the relation of John A. Cartwright, Auditor of Carroll County, Indiana, recovered a judgment of $43,000 against Isaac Farneman, David P. Nelson, Benjamin W. Martin, John S. Case, Jacob Farneman, John P. Richardson, Daniel Small, James R. Finley, Noah Mullen, William R. Mullen, David Kuhn, William Bridge, John W. Jackson, Anthony Garrett, William Davidson, executor of Samuel Gilliford, John B. Kann, John Sidenbender, Joseph Farneman, and Isaac Farneman, executor of John Farneman, deceased, a complete record of which judgment is herewith filed and is made a part of this complaint, marked ' Exhibit A.' And the plaintiff charges that the said judgment was procured by fraud, in this, to wit: Isaac Farneman was the principal in said bond and the acting executor of John Farneman, whom this plaintiff now represents;

the said decedent never signed said bond, but his name was fraudulently, without his consent, placed upon it by said Isaac; no personal service was ever had, of process in said case, upon any one of the Farnemans but Isaac Farneman. No service was had upon Isaac Farneman, executor of John Farneman, deceased; Isaac Farneman had been indicted for embezzling the funds of Carroll county, and, at the time of said judgment, said indictment was pending against him, upon which he was subsequently sent to the penitentiary of Indiana; the actual defalcation, for which the bond so sued was liable for, was less than $16,000, the principal defalcation being and having occurred during another term, beginning on the 13th day of November, 1866, and expiring on the 13th day of November, 1868, and for which said bond and bondsmen were in no way liable; the said Isaac Farneman, being desirous of escaping from said indictment, and Cartwright, being anxious to obtain judgment with the least trouble and for the largest sum possible, promised said Isaac leniency and mercy in said prosecution; and the said Isaac, without any authority so to do from his co-executor, Joseph Farneman, who had not been served with process, or, if served, who knew nothing whatever of the facts concerning the non-execution of said bond and the liability accrued thereon, the knowledge of which fact was solely confined to Isaac Farneman, fraudulently combined with said Cartwright; both, in violation of the rights of said estate, agreed upon a judgment of $43,000—some $3,000 more than was due upon the defalcation of Isaac Farneman for both terms.

"And the plaintiff. avers, that no authority was ever given to any one, and by any one outside of Isaac Farneman, to bind the estate by any such agreement. The attorneys were all verbally employed by Isaac Farneman, the defaulter. And plaintiff avers, that, by reason of said

fraudulent abuse of his trust and the suppression of said defences by said Isaac Farneman, for his own personal benefit and behalf, as aforesaid, said judgment was obtained by fraud; that none of the foregoing facts were discovered until long after the said judgment was rendered. Said discovery was made in June, 1874, and this suit was commenced as soon as the necessary papers could be prepared. And the plaintiff further avers, that the board of referees, appointed by the White Circuit Court to make enquiry and report as to the amount due upon Farneman's bond, reported the defalcation for both terms, and not the term for which plaintiff and said bond were liable, thereby increasing the liability of said bond $20,000.

"And the plaintiff now makes all the parties to said judgment, other than the executor of Farneman, defendants to this suit, to answer why said judgment should not be reviewed and set aside as to these plaintiffs; that this plaintiff is administrator *de bonis non* of John Farneman's estate, having succeeded John A. Cartwright in said trust.

"Second paragraph:

"And, for a second and further cause of action, plaintiff says that February 21st, 1873, by the consideration and judgment of the White Circuit Court, the State of Indiana, on relation of John A. Cartwright, Auditor of Carroll county, Indiana, recovered a judgment for $43,-000, against Isaac and Joseph Farneman, executors of John Farneman, jointly with all the defendants to this suit, except Cartwright, upon an official bond purporting to have been given November 13th, 1868, by the defendants other than Cartwright; that Isaac and Joseph Farneman have ceased to be executors of said estate, and this plaintiff has succeeded them in said trust; that the only service ever had in the original suit, a complete record and transcript of which is herewith filed and is made a part of this complaint, marked 'Ex. A,' was by publication and

MAY TERM, 1880. 581

The State, *ex rel* Cartwright, *et al. v.* Holmes, Administrator.

summons served upon Isaac Farneman in his personal capacity. No summons was ever served upon the executors, as such; that Isaac Farneman was the principal obligor, and John Farneman his father; Joseph Farneman was his brother; that John Farneman never executed said bond; that this fact was, until June, 1874, wholly unknown to these plaintiffs, or any former executor or administrator of said estate, other than Isaac Farneman; that Isaac Farneman was indicted for embezzling the money for which said judgment was recovered in said suit on said bond; that under the promise of the said Cartwright of not pursuing said indictment to judgment, and in the hope and belief of escaping punishment for said crime, Isaac Farneman wholly and fraudulently suppressed said defence. He alone employed counsel. The co-executors, never having been served, did not participate in said defence; that Isaac Farneman was, soon after said judgment was obtained, sent to the penitentiary, and so said fact was concealed and unknown to the executors of said estate until just before the filing of this bill; that by no diligence not exercised could said fact have been known before said judgment was rendered; that this new matter was first discovered by the estate in June, 1874, and this bill to review said judgment was filed the first moment after its discovery; that they make parties to this suit all the parties, plaintiffs and defendants, to said original judgment.

"They further say, that, as appears by the terms of said judgment, the said sum of $43,000 was not the amount due; that it was accordingly referred to the eight referees therein named, to ascertain what was due, and credit the difference upon the said $43,000; that said referees computed and included in their finding $22,800 for which said bond was not liable, to wit, a defalcation

of Isaac Farneman, that occurred before the bond was given; that Isaac Farneman, the only one who knew said facts, was at that time in the penitentiary, and did not disclose said facts to, nor could the plaintiff have ascertained said facts, although they used all diligence so to do; that the first knowledge they had of said facts was in June, 1874. They commenced proceedings to review said judgment forthwith.

"They make all the parties to said suit, except the estate, parties defendants hereto, to answer what, if any, reason they have, that such judgment should not be reviewed and set aside.

"Third paragraph: The plaintiff, William W. Holmes, administrator *de bonis non*, with the will annexed, of John Farneman, deceased, further complains of said defendants, and says that the said defendant, the State of Indiana, on the relation of John A. Cartwright, Auditor of Carroll county, Indiana, on the 21st day of February, 1873, in the White Circuit Court of White county, Indiana, recovered a judgment against the said defendant, Isaac Farneman as principal, and the rest of the defendants herein, except William B. Givens, Amanda Gilliford and the said relator, Cartwright, sureties, upon the official bond of the said Isaac Farneman, as Treasurer of Carroll county, Indiana, bearing date November 25th, 1868, for the sum of $43,000, a copy of which judgment, together with all the proceedings therein, are herewith filed and marked 'Exhibit A,' and made part of this complaint, upon which said bond the names of Daniel Swall, Samuel W. Gilliford, and John Farneman (all now deceased), appear as sureties thereto; that the said Daniel Swall died after the rendition of said judgment, and the said defendant William B. Givens is now his administrator *de bonis non;* that the said Samuel W. Gilliford died before the rendition of said judgment, and the said defendant Amanda Gilliford is now his ad-

ministratrix *de bonis non;* that the said John Farneman died
in the month of January, 1870, before suit was instituted
upon said bond; that at the time of the rendition of said
judgment the said defendant Isaac Farneman and one
Joseph Farneman, both sons of the said John Farneman,
were his executors, and so described in said judgment so
rendered upon said bond as aforesaid; that the estate of the
said John Farneman consisted of personal and real estate
situate in Carroll and Tippecanoe counties; that the said
executor, Joseph Farneman, during the progress of the
settlement of said estate, resided in St. Joseph county, In-
diana, and took no active part in the execution of said will;
that the whole of said estate, in about the sum of $10,000
belonging thereto, came into the hands of the said execu-
tor, Isaac Farneman, who resided at the time in Carroll
county, Indiana; that after suit was instituted on said bond
of the said Isaac Farneman, Treasurer of Carroll county,
Indiana, the said executor, Joseph Farneman, being in-
formed by his co-executor, Isaac Farneman, that there was
no defence in favor of said estate to said suit on said bond,
and not knowing, at the time of the rendition of said judg-
ment of $43,000, that the signature of the said John Far-
neman, deceased, so appearing as one of the sureties upon
said bond, was not genuine, and that the same had been
fraudulently written thereto without his knowledge or
consent—under these circumstances—the said executor, Jo-
seph Farneman, did not appear to said action, in person or
by attorney, and made no defence thereto; that the said
Isaac Farneman appeared both in person and by attorney
to said suit on said bond, but never informed his said at-
torneys that the signature of the said John Farneman to
said bond was not genuine, but wholly concealed the fact
from them and his co-executor, and no defence to said suit
based on the non-execution of said bond was made, in favor
of said estate; that the said Isaac Farneman fraudulently

and in violation of his duties as one of the executors of said estate, and wholly without the knowledge or consent of the said executor, Joseph Farneman, well knowing that said estate was not liable upon said bond, did, on the 19th day of February, 1873, enter into a written agreement with said defendant John A. Cartwright, relator as aforesaid, by which the said Isaac Farneman fraudulently agreed that judgment should be entered against himself and his sureties (the above named defendants), including Isaac and Joseph Farneman, executors of the said John Farneman, in favor of the said defendant, the State of Indiana, on relation of John A. Cartwright, Auditor of Carroll county, for the said sum of $43,000, a copy of which judgment, together with all the proceedings therein, is herewith filed, marked 'Exhibit A,' and made part of this paragraph; that after the rendition of said judgment, to wit, on the —— day of ————, 187—, the said executor, Isaac Farneman, having embezzled about $9,000 of money belonging to the estate of his father, the said John Farneman, deceased, was, by order of the Carroll Circuit Court, removed from said trust, and the said Joseph Farneman voluntarily resigned his office as such executor, and the said John A. Cartwright was appointed administrator *de bonis non* of the said John Farneman. Plaintiff further avers, that after the rendition of said judgment, and after the appointment of the said Cartwright, to wit, on the 15th day of June, 1874, the said Joseph Farneman for the first time discovered that the name of the said John Farneman, so written to said bond as aforesaid, was not genuine, but had been fraudulently signed to said bond, wholly without the knowledge and consent of the said John Farneman; that the said Joseph Farneman immediately demanded of the said John A. Cartwright, who was the acting administrator of the said testator, that he proceed at once in behalf of said estate, to review said judgment, which the said

Cartwright wholly refused to do; whereupon the said Joseph Farneman, without delay, in his own behalf and in behalf of the other heirs of said estate, filed a complaint in the White Circuit Court, demanding a review of said judgment, in behalf of said estate.

"Plaintiff further shows that the said John A. Cartwright, on the 6th day of November, 1874, resigned his said trust as administrator *de bonis non* of the said John Farneman, and the plaintiff was in due form of law appointed administrator *de bonis non* with the will annexed of said John Farneman, deceased; that, since his said appointment as such administrator, he has, by every means at his own command, to wit, by inquiring of David P. Nelson, the person who certified the acknowledgment of said bond as to said John Farneman, and such other persons as would be likely to know, as to whether said signature to said bond was in fact genuine; that he did not discover for himself, personally, that the signature of said testator, John Farneman, to said bond was fraudulent and forged until the 30th day of March, 1875; that the knowledge of said material new matter was wholly within the knowledge of two persons, to wit, Isaac Farneman and David P. Nelson. The former was confined in the penitentiary, and the latter refused to tell until the said 30th day of March, 1875; that he could not, by any reasonable diligence, have discovered, and did not discover, that the signature of the said decedent, John Farneman, to said bond was forged, before that time or before the rendition of said judgment And plaintiff avers that the fact that said bond was not executed by the said John Farneman was not discovered by any of the legal representatives or heirs of said estate (except said defendant, Isaac Farneman, who fraudulently concealed the same) until the said month of June, 1874; that this plaintiff avers that the knowledge of said fact of the non-execution of said bond was concealed by

all persons cognizant thereof until the said month of June, 1874, and could not by reasonable diligence herein have been discovered before that time; that as soon as this plaintiff succeeded to the administratorship of said estate, and discovered the fact of the non-execution of said bond, he filed application, and was substituted, as a party plaintiff in proceedings to review said judgment before that time instituted by a part of the heirs of John Farneman, by reason of which said premises he says that said estate is not liable to pay said judgment or any part, that he prays that said judgment may be reviewed and wholly vacated and set aside as to said estate, and makes party defendants hereto all the parties to said judgment other than the estate of said John Farneman, decedent, and he prays judgment for costs."

Each paragraph was verified by the affidavit of the appellee.

Neither paragraph of the complaint is sufficient to authorize the review of a judgment under section 587 of the code, 2 R. S. 1876, p. 249, " for any error of law appearing in the proceedings and judgment; " nor do we understand the complaint to be founded on that clause of the section. It contains no averment of error appearing upon the face of the record. But we understand the complaint to be brought upon the second clause of section 587, namely, " for material new matter, discovered since the rendition " of the judgment, and upon the general ground that the judgment was obtained by fraud, as against the decedent's estate, represented by the appellee.

The proceedings and judgment sought to be reviewed, which are made a part of the complaint, show that Isaac Farneman was served by a summons individually, and as one of the executors of the will of John Farneman, deceased, requiring him to answer to the action. A summons was issued against Joseph Farneman and Jacob

Farneman, as executors, etc., to answer to the same action, but it does not appear that any service was had thereon. It does appear, however, throughout the entire record, that the attorneys for the defence entered their appearance for all the defendants, including Joseph Farneman and Jacob Farneman, executors as aforesaid, demurred to the complaint, and answered to the action on their behalf, as well as for the other defendants; and we can not find any averment in the complaint contradicting such appearance, or showing that it was without the knowledge and approval of Joseph and Jacob Farneman. The averment in the first paragraph of complaint, as to service and appearance, is: "No personal service was ever had of process in said case upon any one of the Farnemans but Isaac Farneman. No service was had on Isaac Farneman, executor of John Farneman, deceased. * * * The attorneys were all employed by Isaac Farneman, the defaulter." The averment in the second paragraph is: "No, summons was ever served upon the executors, as such; that Isaac Farneman was the principal obligor. * * * He alone employed counsel. The co-executors, never having been served, did not participate in said defence." The averment in the third paragraph is as follows: "That the said executor, Joseph Farneman, during the progress of the settlement of said estate, resided in St. Joseph county, Indiana, and took no active part in the execution of said will; * * that, after suit was instituted on said bond of the said Isaac Farneman, Treasurer of Carroll county, Indiana, the said executor, Joseph Farneman, being informed by his co-executor, Isaac Farneman, that there was no defence in favor of said estate to said suit on said bond, and not knowing at the time of the rendition of the judgment of $43,000, that the signature of the said John Farneman, deceased, so appearing as one of the sureties on said bond, was not genuine, and that the same had been written

fraudulently thereto without his knowledge or consent—under these circumstances—the said executor, Joseph Farneman, did not appear to said action in person or by attorney, and made no defence thereto."

The averment in the first paragraph of the complaint, that no service was had on Isaac Farneman, as executor, and the averment in the third paragraph, that Joseph Farneman did not appear to the action by attorney, are contradicted by the record; and there is nothing in the averment in either paragraph inconsistent with the fact that Joseph Farneman knew of the pendency of the suit, and knew that attorneys were appearing to the action and defending it on behalf of all the executors. Indeed, the third paragraph shows that Joseph Farneman did have knowledge of the suit, and that he attempted to excuse himself for not actively defending it upon another ground. As against any thing averred in the complaint, we must hold that the executors of the will of John Farneman, deceased, are bound by the appearance of their attorneys of record to the action they are now controverting. The law governing this question will be found in the following authorities : *Hall* v. *Palmer*, 18 Ind. 5 ; *The Floyd County Agricultural and Mechanical Association* v. *Tompkins*, 23 Ind. 348 ; *Wiley* v. *Pratt*, 23 Ind. 628 ; *Bush* v. *Bush*, 46 Ind. 70 ; *Collins* v. *Rose*, 59 Ind. 33. Perhaps the employment of the attorneys by Isaac Farneman, as executor, bound the other executors. The decision of this question does not seem necessary in this case ; but see *Herald* v. *Harper*, 8 Blackf. 170 ; *The People* v. *Keyser*, 28 N. Y. 226 ; *The People* v. *Miner*, 23 How. Pr. 223.

Is either paragraph of the complaint sufficient to review the proceedings and judgment " for material new matter, discovered since the rendition thereof ? "

The material new matter, alleged as the ground of review, in each paragraph of the complaint, is the discovery

on the 15th day of June, 1874, of the fact that the signature of John Farneman to the bond sued on, which was executed on the 25th day of November, 1868, was not genuine. No fact is alleged as to how the discovery was made, nor why it was not made sooner. It was a public bond, open to the inspection of any person interested therein, during more than five years before the discovery was made, and open to inspection in court from the 14th day of September, 1872, the time the suit was commenced, until the 21st day of February, 1873, the time the judgment upon it was rendered, a period of five months; and from that date until June, 1874, another year and four months, before the alleged discovery.

It seems to us that a very low degree of diligence would have discovered so important a fact, especially after litigation had been commenced upon it, long before so much time had elapsed. In an action to review a judgment, on the ground of material new matter, alleged to have been discovered since the rendition of the judgment, the complaint must show by the allegation of facts, and not by a general averment, that such new matter could not have been discovered by due diligence, before such judgment was rendered, and that the complaint was filed without delay after the discovery was made. The following authorities support us in this view: *Simpkins* v. *Wilson*, 11 Ind. 541; *Hall* v. *Palmer*, 18 Ind. 5; *Nelson* v. *Johnson*, 18 Ind. 329; *Comer* v. *Himes*, 49 Ind. 482; *Davidson* v. *King*, 51 Ind 224; *Gregg* v. *Louden*, 51 Ind. 585; *Barnes* v. *Dewey*, 58 Ind. 418; *Collins* v. *Rose*, 59 Ind. 33; *Harlen* v. *Watson*, 63 Ind. 143.

Are the facts averred in either paragraph of the complaint sufficient to constitute a cause of action for setting aside a judgment for fraud in obtaining it?

A party to the record may have a judgment set aside for fraud in obtaining it, but not for fraud in the cause of

action upon which it is founded, because he should have pleaded the fraud to the cause of action before the judgment was rendered.

A stranger to the record may, upon case made, when he has been injured thereby, have a judgment set aside for fraud in the cause of action upon which it is founded, because he has not had his "day in court" to plead it sooner. But, as we have held that the parties complaining in this case were parties to the record, the latter proposition is not before us.

Fraud, to set aside a judgment obtained by it, must have been practised upon the opposite party. Fraud between codefendants will not affect the plaintiff, however gross it may be. Such a rule would be subversive of the rights of the plaintiff without his fault, and could easily be practised by the defendants for their own benefit. To apply the rule to this case : Fraud practised by Isaac Farneman upon his co-executors can not affect the rights of the State in a suit on his official bond. The only allegation having any appearance of charging fraud on the relator of the State is in the first paragraph of the complaint, and is in these words : "The said Isaac Farneman being desirous of escaping from said indictment" (for embezzlement), "and Cartwright" (the relator), "being anxious to obtain judgment with the least trouble and for the largest sum possible, promised said Isaac leniency and mercy in said prosecution ; and the said Isaac, without any authority so to do from his co-executor, Joseph Farneman, who had not been served with process, or, if served, who knew nothing whatever of the facts concerning the non-execution of said bond, and the liability accrued thereon, the knowledge of which fact was solely confined to Isaac Farneman, fraudulently combined with Cartwright. Both, in violation of the rights of said estate, agreed upon a judgment of $43,000, some $3,000 more than was due upon the defalcation of Isaac Farneman for both terms."

Fraud must be specially pleaded. We can perceive no facts in this averment which constitute a fraud. It was not in the power of Cartwright to grant leniency or mercy to Isaac Farneman, in the prosecution for embezzlement, and Farneman must have known this; besides, what those words mean is not a fact alleged—they certainly did not mean acquittal—and represented no existing fact. It does not show that the promise of Cartwright was the cause of the agreement to enter the judgment complained of; nor that Cartwright knew any thing about the alleged invalidity of the bond upon which it was founded—indeed, the implication is that he did not know—or that the judgment was for too much, or wrong in any way; it simply alleges, that Isaac Farneman fraudulently co nbined with Cartwright, and that both agreed to the judgment of $43,000. A combination with Cartwright, fraudulent on the part of Isaac Farneman, when Cartwright knew nothing of the fraud, forms no ground for disturbing a judgment in favor of the State, simply because Cartwright was the relator. A fraud that is all on one side can not injure the other side; and a fraud that effects no injury affords no ground for relief. *Cline* v. *Crump*, 11 Ind. 125; *Swope* v. *Fair*, 18 Ind. 300; *Jenkins* v. *Long*, 19 Ind. 28; *Quick* v. *Goodwin*, 19 Ind. 438; *Fankboner* v. *Fankboner*, 20 Ind. 62; *Stateler's Adm'r* v. *Sample's Adm'r*, 29 Ind. 315; *Curry* v. *Keyser*, 30 Ind. 214; *Darnell* v. *Rowland*, 30 Ind. 342; *Meyer* v. *Yesser*, 32 Ind. 294; *Fouty* v. *Fouty*, 34 Ind. 433; *The President and Trustees of Hartsville University* v. *Hamilton*, 34 Ind. 506; *Webster* v. *Maiden*, 41 Ind. 124; *Branham* v. *Record*, 42 Ind. 181; *Joest* v. *Williams*, 42 Ind. 565; *The State* v. *Prather*, 44 Ind. 287; *Adkins* v. *Adkins*, 48 Ind. 12; *Roush* v. *Layton*, 51 Ind. 106; *Steele* v. *Moore*, 54 Ind. 52; *Markle* v. *Board of Comm'rs,etc.*, 55 Ind. 185; *Moon* v. *Baum*, 58 Ind. 194; *Harlen* v. *Watson*, 63 Ind. 143; *Lepper* v. *Nuttman*, 35 Ind 384.

We have examined the authorities cited by the counsel,

in their brief for the appellee. They seem to us to go to the question between a trustee and his *cestui que use;* as if the appellee was contesting the case with Isaac Farneman. But that, as it appears to us, is not the question in this case. It is between the appellee and a third person, who claims a right superior to that of the appellee, and also to the heirs and distributees of the estate he represents.

Having arrived at the conclusion that neither paragraph of the complaint contains facts sufficient to authorize the relief prayed for, it becomes unnecessary to examine any other question in the case.

The judgment is reversed, at the costs of the appellee, to be levied of the assets yet to be administered ; cause remanded, with instructions to sustain the demurrers to each paragraph of complaint, and grant leave to amend, and for further proceedings.

Opinion filed at November term, 1879.

Petition for a rehearing overruled at May term, 1880.

